BORST *vs.* GRIFFIN.

Where dower has been assigned by admeasurers appointed by the surrogate, and ejectment is brought for the recovery of possession of the premises, the plaintiff is not bound to declare by demanding the one *undivided third part,* &c. but may demand the specific lands admeasured.

Where, however, in such case an *undivided third part* is demanded, and the plaintiff on the trial shews her right to dower independent of the admeasurement, and also shews that such admeasurement was had on due notice to the defendant, and a verdict is rendered for the specific portion assigned as dower, the court will, after verdict, permit an amendment of the declaration, and will not send back the parties to a new trial.

THIS was an action of *ejectment for dower,* tried at the Schoharie circuit in November, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiff, in her declaration, claimed an *undivided third part* of the north half of a certain lot of land, as her reasonable dower, as the widow of William Borst, deceased, late her husband. She shewed title in her husband, and proved that on the 16th November, 1829, *thirty-four acres* of land, part of the north half of the said lot, were assigned to her by metes and bounds, as her dower in the same, by admeasurers appointed by the surrogate of Schoharie, in pursuance of her petition, on notice to the defendant, whose report was duly filed on the 8th December, 1829. This action was commenced in May, 1830. The defendant asked that the plaintiff be nonsuited, on the ground that by her own shewing she was not entitled to recover what she demanded; her claim ought to have been limited to the specific lands assigned to her as dower. The judge refused to nonsuit the plaintiff, and directed the jury to find a verdict for her for the *thirty-four acres* admeasured and set off to her by the admeasurers; who found accordingly. The defendant asks for a new trial.

*M. T. Reynolds*, for the defendant. The motion for nonsuit should have been sustained; instead of granting it, the judge rendered the proceedings still more incongruous by directing a verdict for a *specific quantity*, when by the declaration an *undivided* share was demanded.

*B. F. Butler*, for the plaintiff. By the revised statutes, the *action of dower* is abolished and *ejectment* is substituted. 2 *R. S.* 343, § 24. *Id.* 303, § 2. Where the latter action is brought for the recovery of dower, it is required that the declaration shall state that the plaintiff was possessed of the *one undivided third* part of the premises as her reasonable dower. 2 *R. S.* 304, § 10. The entry of the verdict in the manner it was made was supposed to be authorized by the provision contained in § 30, sub. 5, page 307. It is admitted there is a discrepancy between the several provisions of the statute; the plaintiff framed her declaration as required by the statute, and yet could recover only the share which had been allotted to her. If the court are satisfied that the substantial rights of the parties have been passed upon, they perhaps will permit an amend-

ment of the declaration by having the specific part of the premises stated which were admeasured to the plaintiff, or will authorize a suggestion on the record which shall make the present suit and verdict conclusive between the parties.

*Reynolds*, in reply, denied that the plaintiff was bound to declare in the form prescribed by § 10. She had her dower assigned to her, and if withheld, might, like every other person entitled to the possession of land, bring her ejectment; her right of possession having been adjudged by the proceedings before the surrogate. She therefore need not have pursued the form prescribed to a widow demanding her dower. If a new trial is granted, the court may give permission to the plaintiff to amend; but the pleadings are never altered after a trial, to conform to the proofs. Besides, how can it be known to the court but what the defendant has a perfect defence; he may have reposed himself upon his objection in the full confidence that it would be sustained by this court.

*By the Court*, NELSON, J. The only difficulty in this case arises out of some of the provisions of the *Revised Statutes* applicable to this action. 2 *R. S.* 303, *sec.* 2, *sub.* 2, substitutes this action in the place of the old remedy *unde nihil habet*, and the 10th section requires that the declaration " shall state that the plaintiff was possessed of the one *undivided third part* of the premises as her reasonable dower," &c. The 6th sub. of § 30, p. 307, provides if the verdict in ejectment be for an undivided share or interest in the premises claimed, it shall specify such share or interest; and the 55th §, p. 311, provides for the admeasurement of dower after such verdict, if it has not before been assigned, under which the court appoint commissioners to make admeasurement of dower. The statutes also provide for the admeasurement of dower *before the surrogate*, 2 *R. S.* 488, &c.; and the 17th section, p. 491, makes such admeasurement binding and conclusive upon the widow and parties who had notice of the proceedings according to statute as to the *location* and *extent* of the widow's right of dower; and the 18th section gives her the action of ejectment to recover *the possession of the lands so admeasured to her*

*for dower.* Where there has been no admeasurement, the widow declares for and recovers an undivided third part, and the court assign the dower; where dower has already been assigned, she recovers the specific portion assigned; and in the latter case, it was supposed by the attorney for the plaintiff that, under the broad and unqualified provision in § 10, the declaration must be for one undivided third part of the lot. It was the intent of the several provisions of the revised statutes regulating the action of ejectment among other things no doubt, that the recovery and verdict should be in conformity to the estate or title set up in the declaration; and hence the difficulty in sustaining the verdict in this case.

Before the remedy was changed by the revised statutes to recover dower unassigned, the action of ejectment would lie to recover possession after admeasurement, 17 *Johns. R.* 123; 5 *Cowen,* 168; and the 17th and 18th sections, 2 *R. S.* 491, are but an enactment of the law as it had been decided by this court. Without the statute which substitutes the action of ejectment for the old writ *unde nihil habet,* it would have been the appropriate remedy in the case now under consideration, and may still be sustained without regard to those provisions which refer specially to the action of ejectment when brought to recover dower. These provisions were obviously made with reference to the substituted action to recover dower before admeasurement, though in terms they are broad enough to embrace the action in every case where dower is the subject of litigation, whether assigned or not. The plaintiff, then, might and should have declared for the specific premises assigned to her, and conformed her proceedings to those in the ordinary action of ejectment. By so doing, the verdict would have been in pursuance of the declaration and of the statute. 2 *R. S.* 307, § 30, *sub.* 4, 7, *p.* 491, § 17, 18.

Can we amend the declaration without granting to the defendant the privilege of answering over, and subjecting the plaintiff to the expense and trouble of a new trial? I am of opinion we can. The court in which any action is pending have power to amend any pleading, either in form or substance. 2 *R. S.* 424, § 1. If made to any pleading in matter of substance, the adverse party must be allowed

to answer the pleading. *Id.* § 2. The omissions, imperfections, defects, &c. in the preceding seven sections enumerated, *" and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties or the trial,* shall be supplied and amended by the court where the judgment shall be given," &c. *Id.* 425, § 8. Now it is obvious the question raised in this case is one entirely of form, and the material issue after the amendment of the declaration will be the same as that which has already been tried, to wit, is the plaintiff entitled to dower out of the lot or premises in question? The amendment of the declaration will not substitute a different lot or parcel of land, and so far, therefore, as *right* or *title* is concerned, the question must be the same; it will define specifically the land demanded, instead of describing it as an undivided third; the premises will be the same, the quantity and kind of interest the same. It may be said that if the verdict in this case had been in conformity to the declaration, to wit, for an undivided one third, the defendant would have had the opportunity of contesting the assignment under the 55th section, 2 *R. S.* 311. That is true; but it is here shewn that he has already had that opportunity in the proceedings before the surrogate.

It was said on the argument, that it is fair to presume that the defendant, relying on the objection taken at the trial, and which the court consider sound, omitted to bring forward any other objection or defence that he might have had. If this argument could be applicable to cases where the objection at the circuit was merely one of form, and tenable as such, then the statute of amendments would be nugatory, for it may be urged with the same force in every case as in this, in which an amendment is contemplated by the act after verdict. The true answer to this objection is, that it must be confined to cases where the objection taken at the trial is one of substance, and not within the statute of amendments. In all other cases the party omits the introduction of his defence on the merits, at the peril of an amendment under the act. Any other construction would be a virtual repeal of the act.

New trial denied.