Judgment for defendants.

## Harrison & Dorrival vs. Stevens.

In *ejectment* a plaintiff must, in his declaration, describe truly the premises
claimed, but is not bound to set forth the nature of the estate, nor the quan-
tity of the interest claimed by him; and it was accordingly held that a
plaintiff was entitled to recover *an undivided share*, although in his decla-
ration he claimed the *whole* of the premises.

This was an action of *ejectment*, tried at the Herkimer
circuit in March, 1832, before the Hon. Nathan Williams,
then one of the circuit judges.

The suit was brought for the recovery of 127 acres of land,
described as being part of a lot known as " upper lot number
forty-seven," in Jerseyfield patent, situate in the town of Rus-
sia, in the county of Herkimer. The declaration contained
three counts: in the *first* of which the plaintiffs *Harrison* and
*Dorrival* claimed the premises in fee simple; in the *second*,
*Harrison* alone claimed the premises in fee simple, and in the
*third*, *Dorrival* alone claimed in fee simple. Evidence of *title*
was given as well on the part of the defendant, as on the part
of the plaintiffs; and when the parties rested their proofs, the
counsel for the defendant insisted that from the evidence pro-
duced, it was manifest that the defendant had title to *an un-
divided portion* of the premises, and consequently that, though
it should be admitted that the plaintiffs had shown title to the
*residue* of the premises, they were not entitled to recover, in-
asmuch as in the declaration they had claimed *the whole lot*,
and had shown title to but *part* thereof. The judge decided
that the plaintiffs were entitled to recover a portion of the
premises claimed, although the jury were satisfied that the
defendant had shown title to an undivided share of the pre-
mises. The jury found a verdict for the plaintiffs for 91-94ths

of the premises described in the declaration, and as to the re- <span>NEW-YORK, May, 1834.</span>
sidue of the premises they found for the defendant.   A motion
was made by the defendant for a new trial.   Various ques-   Harrison
tions were discussed on the motion, and decided by the court,   v.
but the case is reported only in reference to the above deci-   Stevens.
sion made at the circuit.

*L. Ford*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J.   The judge, I think, was
correct in deciding that the plaintiff might recover for an un-
divided part of the premises, although he claimed the whole
in his declaration.   The statute, 2 R. S. 304, § 9, declares
that if the plaintiff claims an undivided share or interest in
any premises, he shall state the same particularly in his de-
claration.   But if he claims the whole of certain premises, and
it turns out on the trial that the defendant owns a part, shall
the plaintiff be nonsuited and be driven to another action to ob-
tain what he is entitled to, merely because his declaration
claims more than his precise right?   There surely would be no
justice in such a course, unless the statute positively requires
such a declaration.   In my opinion the statute is complied
with by claiming the whole ; the verdict will show the exact
quantity recovered, and the regulations respecting the verdict,
2 R. S. 307, § 30, show that it need not be for the quantity
described in the declaration.   When there are several plain-
tiffs, and title be shown in one only, the verdict shall be
in his favor, and for the defendant as against the other plain-
tiffs.   If the suit be against several defendants, the verdict
may be against one only.   If the plaintiff recovers the whole
premises claimed, the verdict shall be general ; but if only a
part is recovered, the verdict shall specify such part; and if
the verdict be for an undivided share, such share shall be spe-
cified in the verdict.   The estate also established on the trial
shall be specified in the verdict.   All these different verdicts
may be rendered upon a general declaration.   The plaintiff is
not bound to state his title precisely as it may be proved ; he

must describe the premises truly, but I do not understand that he is obliged to describe truly the nature of his estate, nor the quantity of his interest. If he claims an undivided interest, he must so state it; but as I have before remarked, under a declaration claiming the whole, he is not prevented from recovering an undivided interest. He should not be so prevented, and this case is an instance of the injustice of such a requirement.