## OOTHOUT *vs.* LEDINGS.

In an action of *ejectment for dower*, the plaintiff is entitled to recover, notwithstanding that in the declaration she claims the third of *an undivided half* of a farm, and the proof is that she is entitled to the third of a *half held in severalty ;* and after verdict, she will be permitted to amend the declaration and make it comfortable to the verdict.

A *widow* is not a *tenant in common* with the tenant of the land in which dower is claimed.

THIS was an action of *ejectment for dower.* The plaintiff, in her declaration, claimed her dower in the *one undivided third part of the equal undivided one half of a certain farm* situate in the town, &c. containing 118 acres, more or less. It turned out in evidence that the *husband* of the plaintiff died in possession of the *half* of a farm, which he *claimed as his own,* and that such moiety contained only 54 acres. It further appeared that the plaintiff was in the actual possession of a *house* and a *garden*—part of such moiety. The defendant insisted that the plaintiff was a *tenant in common* of the premises, and could not maintain ejectment against the defendant, her co-tenant ; and also that she could not recover on account of the *variance* between the declaration and evidence. The judge overruled the objections to a recovery, and the jury, under his direction, found a verdict for the plaintiff, and that she was entitled to the one equal undivided third part of the 54 acres ; which verdict the defendant moves to set aside.

*J. Van Buren,* for defendant.

*R. W. Peckham,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. It has been decided that the *widow* is not a *tenant in common* with the person in possession of the land, 10 *Wendell,* 419, 528.

As to the *variance :* The statute requires that in cases of this kind, the declaration shall state that the plaintiff was possessed of the *one undivided third part of the premises,* as the reasonable dower of the widow. 2 *R. S.* 304, § 10. Here the plaintiff claimed the one third of the half of a farm said to contain 118 acres, and the proof was that her husband was reputed to own one half of a farm which he occupied, being the north half. This presents no difficulty. The plaintiff is not bound to prove her claim precisely as laid. The statute provides, " if the verdict be for an undivided share or interest in the premises claimed, it shall specify such share or interest ; and if for *an undivided share in a part* of the premises claimed, it shall specify such share, and shall describe such part of the premises." 2 *R. S.* 307, § 30, *sub.* 6. This shows that the plaintiff may recover an interest different from her claim, and that the verdict will show the extent of the recovery. To avoid all possible difficulty, however, the plaintiff may amend so as to make the declaration to correspond with the verdict. 9 *Wendell,* 307.

New trial denied.