By the Court,

Nelson, Ch. J.
There can be no doubt, if the plaintiff establish any title to the premises in question, authorizing a recovery against the defendant, or sufficient to put him upon his defence, it was not such a title as is described in either of the counts of the declaration. He [77] proved no estate in the premises during the natural life of Anna D in, either in his own right, or as administrator with the will annexed.
The legal estate I think passed under the will to the grand-children, the children of the plaintiff; the proportions they are to take in the ultimate partition, may be questionable, but that is not material in this case. The power to.lease, and of course to manage and control the estate until it came into the actual possession and enjoyment of the children, as they reached the age prescribed, was given to the executors; but there is no ground for contending that the legal estate was devised to or vested in them. The language of the will is, “I further direct my executors hereinafter named, to rent all the remainder of my lands and tenements, and to pay the one third of the said rent to my aforesaid wife,” &c., in which there is nothing like a devise of any interest in the premises; it is a naked power, conferred for the purposes mentioned.
The legal estate being in the grand children, the plaintiff produced no paper title to the premises in dispute; and if he can maintain the action at all, he must rely on his interest as guardian to his minor children, or on his actual possession.
How far he may be said to possess the powers conferred upon the executors, being an administrator with the will annexed, it is not material to determine. By 2 R. S. 72, § 22, it is provided that in all cases where letters of administration with the will annexed, shall be granted, the will of the deceased shall be observed and performed; and the administrators with such will shall have all the rights and powers and be subject to the same duties as if thejr had been named executors in such will. This section i's more explicit than the1 one in the old statute (1 R. L. 316, § 21), but perhaps not more comprehensive. It was taken from the English statute of distributions, 22 and 23 Car. 2, ch. 10.
Although the plaintiff could not be guardian in socage at common law, as that belonging to the next of kin, who could not by possibility inherit the estate (Cowen, 30; 2 Wendell, 153); he may be such guardian under [78] the revised statutes (1 R. S. 718, § 5). That section provides that “ where an estate in lands shall become vested in an infant, the guardianship of such infant with the rights, powers and duties of a guardian in socage, shall belong: 1. To the father of the infant; 2. If there be no father, to the mother • 3. If there be no father or mother, to the nearest and eldest relative of full age,” &e. This section was deemed necessary, as the previous abolition of ail tenures had destroyed guardianships in socage, and therefore without it the real estate of infants would not have been in the charge of any authorized person, till the appointment of a general guardian *47 under the statute (2 R. S. 150). On the appointment of such general guardian, the rights and powers of the guardian in socage cease (1 R. S. 718, § 6). A guardian in socage has the custody of the land of the infant, and is entitled to the profits for his benefit; he has an interest in the estate and may lease it, and avow in his own name and bring trespass. He is in possession by right, and may of course maintain the action of trespass or ejectment against any person entering upon him without right (3 Bac. tit. Guardian, 403. 414, g.; 5 Johns. R. 66; 1 id. 163; 7 id. 157). But without reference to the rightful possession of the plaintiff, as guardian for his minor children under the statute, his prior possession in law was sufficient to sustain the action against an intruder, and therefore enough to drive the defendant to the proof of a better title (2 Johns. R. 22; 4 id. 202).
The only question therefore in the case that could at all interfere with a trial upon the merits, arises out of the variance between the proof of the title of the plaintiff and the description of such title in the declaration. By the revised statutes (2 R. S. 304, § 9) it is enacted that if a plaintiff in ejectment claims any undivided share or interest in any premises, he shall state the same particularly in his declaration. And section 10 requires that he shall state ‘ • whether he claims in fee or whether he claims for his own life, or the life of another, or for a term of years, specifying such lives or the duration of such term.” And in a subsequent part of the same [79] chapter, the following directions are given as to the rendition of the verdict (§ 30, subd. 4): If the verdict be for all the premises claimed as specified in the declaration, it shall in that respect be for such premises generally (subd. 5). If the verdict be for a part of the premises described in such declaration, the verdict shall particularly specify such part, as the same shall have been proved, with the same certainty as herein before required in the declaration, in the description of the premises claimed (subd. 6). If the verdict be for an undivided share or interest in the premises claimed, it shall specify such share or interest; and if for an undivided share of a part of the premises claimed, it shall specify such share, and shall describe such part as herein before required (subd. 7). The verdict shall also specify the estate which shall have been established on the trial by the plaintiff, whether a fee, for his own life or for the life of another, stating such lives, or whether it be a term of years, and specifying the duration of such term. Questions of form of no importance in respect to the merits of the title or point in dispute, have frequently arisen under these provisions, and are pressed upon our consideration at almost every term; and the natural inclination of the mind to disregard form and dispose of a case upon the merits, which may be of some use to the parties, and further the ends of justice, is so strong, that some of the cases are scarcely consistent with the statute. It was obviously the intent of the legislature that the plaintiff should set out in the declaration a description of the premises claimed, both as to boundary and estate ; indeed, it is so expressly enacted (§ 9, 10). But he may recover a part of them if embraced in the description (§ 30, subd. 5); and an undivided share in a part so embraced, that is, if he claim in the declaration 20 acres, he may recover 10; and if he claim an undivided share in 20, he may recover such share in 10. This is probably the meaning of ti e sections taken strictly. But if he claim an undivided half, he can not recover aro undivided fourth or third, nor the whole of 20 acres ; and if he claim the whole, he can not recover the undivided half, fourth or third. If he may, then the statute is simply directory, and may be observed or [89] not, at the election of the party. In Borst v. Griffin (9 Wendell, 307), the plaintiff claimed an undivided third part in certain premises for her dower. It turned out that the dower had been previously duly assigned to her, and the judge permitted a verdict for thirty-four acres, the quantity so *48 assigned. We amended the declaration so as to conform the claim to the interest, as proved, the question being one of mere form. In Bear v. Snider (11 Wendell, 592), Chief Justice Savage expressed the opinion that the fifth subdivision, § 30, which allowed the verdict for part of the premises claimed, applied as well to the quantity of interest in the plaintiff, as to the extent of the premises. Perhaps the spirit of the statute would have been better observed if the court had amended the declaration so as to conform it to the interest recovered. The result would have been the same as the particular case. In Harrison v. Stevens (12 Wendell, 170), the plaintiff claimed the whole of the premises described, and proved only an undivided interest in them, for which a verdict was taken. The court sustained the verdict, and Chief Justice Savage intimated the opinion that the plaintiff need not set forth tile nature of the estate or quantity of interest claimed; and that the statute authorized a recovery of an undivided interest where the whole was claimed (see also 13 id. 578). I think it would have been better to have put the decision in that case upon an amendment of the declaration in conformity to the interest proved. In this way we obey the statute by the application of the commonest rules of the court, to wit, to disregard matters of form in the decisions which are amendable, and then the amendment may be made (9 Wendell, 311). In the case under consideration it may be difficult to define the precise interest of a guardian in socage in the estate of the infants; but the most correct description within the statute I think would have been according to the fact, stating that the plaintiff was guardian in socage of the infant children, that he was in possession and that they had an estate in fee in the premises. Or, the plaintiff might have claimed the fee of the farm in himself, and then his actual possession would have been conclusive [81] evidence of title, as against an intruder (11 Johns. R. 510; 2 id. 22; 4 id 202; 9 Wendell, 223). Though there is a total misdescription of the estate of the plaintiff in the declaration, in this case, yet the premises themselves having been correctly described, and the estate so unimportant as it respects the merits of the question in dispute, if the learned judge had refused to nonsuit and tried the merits, we probably should not have disturbed the verdict, but applied the rule of amendment which, it has been seen, we do most liberally in these cases; still we can not consistently with the statute, say that he erred, and therefore, though we grant a new trial to save expense, it must be on payment of costs, giving the plaintiff liberty to amend his declaration as he may think advisable.