## TRUAX *vs.* THORN.

When in ejectment the plaintiff declares for *four equal undivided ninth parts* of certain premises, and proves on the trial, title to *one equal undivided third part only,* he should be permitted to take a verdict according to the proof.

Such a variance is not fatal to such action, and should be disregarded by the judge at the circuit.

In such cases, an amendment, on motion for new trial, will, if necessary, always be allowed.

The statute forbidding the purchase of pretended titles, does not apply to judicial sales.

THIS was an action of ejectment, brought to recover four equal undivided ninth parts of certain premises in the city of Albany. The cause was tried at the Albany circuit, in October, 1845, before Mr. Justice BEARDSLEY. The plaintiff proved title to one undivided third part of the premises, under a master's deed, executed on a sale in partition in the late court of chancery. The defendant held under William McCaskey, who had a deed of the premises from some of the heirs at law of the former owner. Two questions of law were decided by the judge, against the defendant; to which decisions he excepted. These questions are stated in the opinion of the court. A verdict being taken for the plaintiff, the defendant now moved to set it aside on a bill of exceptions.

*R. W. Peckham,* for the plaintiff.

*H. G. Wheaton,* for the defendant.

*By the Court,* PARKER, J. The declaration in this cause was for four undivided ninth parts of the premises. The plaintiff proved title to one undivided third part only. The defendant moved for a nonsuit on account of the variance. The motion was overruled by the judge, and the defendant ex-

cepted. The first question, therefore, for our determination is, whether the judge erred in this decision. The ninth section 2 *R. S.* 231, requires the plaintiff, if he claims any undivided share or interest in any premises, to state the same in his declaration. The 30th section provides, that if the verdict be for an undivided share or interest in the premises claimed, it shall specify such share or interest. The latter provision would be unnecessary, unless the plaintiff may recover for a smaller undivided interest than that declared for. If the verdict was for the same interest claimed in the declaration, it would be for the plaintiff generally.

There have been some conflicting decisions in the courts of this state upon the point now under examination. In *Harrison* v. *Stevens*, (12 *Wend.* 170,) the declaration was for the whole of the premises, and the judge, at the circuit, permitted the plaintiff to take a verdict for an undivided share. On a motion for a new trial the supreme court sustained the verdict, and held that such a practice was correct, under the statute. In *Oothout* v. *Ledings*, (15 *Wend.* 410,) the plaintiff declared in ejectment for dower, for the third of an undivided half of a farm ; and the proof showed she was entitled to the third of a half, held in severalty. The objection of variance was overruled by the circuit judge, and a new trial was denied by the supreme court. The next case was that of *Holmes* v. *Seely*, (17 *Wend.* 75,) in which the decision in *Harrison* v. *Stevens* is questioned by Chief Justice Nelson ; who intimated that if the plaintiff claims the *whole*, he cannot recover an *undivided half*, or an *undivided fourth*. And he held that if the plaintiff claims an undivided half, he cannot recover an undivided fourth, or an undivided third of the whole. In *Hinman* v. *Booth*, (21 *Wend.* 267,) a doubt was thrown on the case last cited ; and the supreme court held, that where the plaintiff in ejectment in his declaration claims an undivided *moiety* of the premises, and on the trial shows title to *one fourth*, it is in the discretion of the judge at the circuit whether he will nonsuit the plaintiff for the variance, or permit him to take a verdict according to the proof. The same doctrine was

Truax v. Thorn.

laid down in *Ryerss* v. *Wheeler*, (22 *Wend.* 148.) In *Gillett* v. *Stanley*, (1 *Hill*, 129,) it was said to be a "difficulty in the case" that the declaration was for the whole interest, while the proof showed a title to an undivided share. And *Holmes* v. *Seeley* was relied on by the court as establishing that doctrine. And in *Cole* v. *Irvine*, (6 *Hill*, 639,) where one count of the declaration claimed an *undivided half*, and the proof showed the plaintiff entitled to *two sevenths*, it was considered, in the opinion of the court, as a fatal variance; though the defendant succeeded on the ground of adverse possession.

These conflicting decisions show that different views have been entertained by the late supreme court, at different times, as to the practice authorized by the statute. If the ninth section, above referred to, is to be considered as merely directory, then there can be no difficulty in holding that, whether the plaintiff declares for the whole, or for an undivided share, he may receive an undivided share less than that declared for. I see no objection to such a construction of the statute; and I think it is sanctioned by the form of the verdict, which is to conform to the quantity of interest proved. That such a practice is the most convenient, is beyond question; and it is equally certain that it will be more likely to secure a trial on the merits.

But whatever may be the rule on the strict question of variance, the cases above cited agree in holding that the judge may disregard the variance at the circuit, and that an amendment without costs will be allowed on terms. Under either class of cases, therefore, the verdict cannot be disturbed on this ground. If there was a variance it was disregarded by the jury, and an amendment of the declaration may now be made, in conformity with the verdict.

The remaining question is whether the statute against buying pretended titles applies to judicial sales. The judge at the circuit held that it did not; and to that decision the defendant excepted.

The statute provides that "every grant of lands shall be absolutely void if, at the time of the delivery thereof, such lands

shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (1 *R. S.* 739.) This statute is but an enactment of the common law rule, and was designed to prevent maintenance. The deed of conveyance of such pretended title is thus declared void. And by another provision of the statute the parties to such conveyance are deemed guilty of a misdemeanor. (2 *R. S.* 691.) The defendant relies on the case of *Jackson* v. *Vrooman,* (13 *John. Rep.* 487.) The plaintiff in that case claimed under proceedings and a judgment in partition, under which the premises in question were sold by commissioners appointed by order of the court, who conveyed the same to the lessee of the plaintiff, by deed dated 19th January, 1814. The defendant claimed under a deed from a person holding under a different title, dated 7th April, 1810, and proved that he took possession under that deed soon after its execution, and had since continued in possession. The judge at the circuit held that the possession of the defendant, being adverse, the deed to the lessee of the plaintiff was void, and the jury accordingly found for the defendant. The defendant moved for a new trial, which was denied. This case seems to be in point, for the defendant; but I find it has been virtually overruled by the late court for the correction of errors, in *Tuttle* v. *Jackson,* (6 *Wend.* 224.) It was cited in that case, by counsel, and the question whether the statute referred to applied to judicial sales was fully argued, and I think decided by the court. The prevailing opinion of the court in that case was given by the chancellor, who said, " I am satisfied the statute against buying and selling pretended titles cannot apply to judicial sales. The statute, except as to the penalty, is merely in affirmance of the common law ; and that never has been considered as preventing the change of property by operation of law, or by a sale by the proper officer of a court having competent jurisdiction to order such sale. It does not come within the mischief intended to be guarded against by the statute." The point seems therefore to have been settled, and I think correctly, by the highest judicial tribunal of this state. Full effect is given to the statute by confining its operation to

voluntary conveyances between individuals, without extending it to judicial sales. The statute itself is hardly called for in the present state of society, and certainly requires no broader construction. The opinion of a very learned commentator, in whose views on this subject I fully concur, will be found in 4 *Kent's Com.* 447. If a different construction were given to the act, it would not be in the power of a judgment creditor to acquire the title of his judgment debtor by sale under a judgment and execution, if the lands belonging to the debtor happened to be held adversely.

We think the learned judge decided correctly on the point above considered; and no other point was made at the circuit. The motion for a new trial must therefore be denied.

