### ENGLIS *a.* FURNISS.

*New York Common Pleas; General Term, May,* 1856.

AMENDMENT OF PLEADINGS.—WHEN ALLOWABLE.

The provisions of the Code authorizing the amendment of pleadings after judgment, only permit amendments to be made for the purpose of *sustaining* the judgment.

Motion for leave to amend the complaint.

The complaint, and the proceedings before the general term, will be found, 2 *Ante,* 333.

INGRAHAM, F. J.—The plaintiff moves for an order permitting him to amend his complaint. The cause has been tried and verdict rendered for the defendant by the referee. On appeal to the general term, the judgment was affirmed.

There is nothing in the Code warranting any amendment of the pleadings except for the purpose of sustaining the judgment. It would be manifestly unjust for a judge at special term to amend the pleadings, so that on error the judgment must be reversed. And it is equally improper for a judge at special term to set aside a judgment of the general term upon any matter connected with the merits.

If any such relief can be granted as is asked for on this motion, (as to which I express no opinion,) it can only be obtained after the decision of the general term has been vacated, and the only way in which that can be done appears to me to be on an application to the general term to open the same.

While the judgment stands, there is no way in which on a motion to a judge at special term, the judgment can be set aside, unless as a mere matter of irregularity or practice unconnected with an examination of the merits.

In Egad *v.* Wicker (10 *How. Pr. R.*, 193), the court express the opinion that such amendment should have been applied for during the trial, and add, "in practice under these sections I believe no amendment has been allowed at a later stage of the cause."

In Brown *v.* Colin (1 *Smith's C. P. R.* 270), Judge Woodruff expresses the like opinion; adding, we can only do what the court at special term or the referee ought to have done, not what they have never refused or neglected to do. And in Ketchum *v.* Zerega (1 *Smith's C. P. R.*, 562), it was said, "it is not the time or place to ask such leave for the first time when the appeal from the judgment entered below is brought on for agreement."

In Bascom *v.* Woodruff, (7 *Barb. S. C. R.*, 18) such a motion appears to have been granted by the general term, under circumstances somewhat analagous to the present. After intimating doubts about the propriety of the motion, the court granted the motion, and ordered a new trial, founding the

decision on the case of Holmes *v.* Sealy, (17 *Wend.*, 75). That however, was a case of ejectment, in which the party was entitled to a new trial, and the motion was granted to save expense.

This motion is denied, with $10 costs, without prejudice to any other motion the plaintiff's counsel may think proper to make, for the relief he seeks.