SEATON, by her guardian *ad litem*, v. DAVIS, appellant.

*Ejectment — infant cannot maintain action — tenant for life holding over.*

An infant, by her guardian *ad litem*, brought action to recover possession of premises from a tenant for the life of another holding over his term, and damages for unlawfully withholding possession. *Held*, that such action could only be brought by the guardian in socage or the general guardian and not by the infant.

The objection in such case, as to the party plaintiff, must be taken by demurrer.

In order to recover for mesne profits in an action of ejectment, a separate count is necessary.

The tenant for another life holding over, is not entitled to notice to quit. (14 N. Y. 64; id. 430.)

APPEAL from judgment in an action of ejectment, entered on the report of a referee. The premises, to recover the possession of which this action was brought, were owned in fee by Joel Seaton. In November, 1860, Seaton and wife conveyed them to his son Charles R. Seaton, reserving to himself the use of the same for his life and the life of his wife. In June, 1866, the said Joel and the defendant entered into an agreement in writing, whereby the defendant agreed, in consideration of the use of said premises, to support Joel and wife during their lives, and Joel, on his part, in consideration there-

of, agreed that defendant might use the same during the lives of him, Joel and his wife. The defendant went into possession and supported the said Joel and wife during their lives.

The wife died in June, 1866, and he died in July, 1870. Charles R. Seaton, the father of the plaintiff, died in March, 1862, leaving him surviving his widow and the plaintiff, his only heir at law. This action was commenced in August, 1870, without any demand of the possession, or notice to quit. The defendant gathered and carried away the apples that grew on the premises in the summer of 1870. The plaintiff demanded judgment, that she have the possession of the premises, and the value of their use. The defense was a general denial. On the trial plaintiff was permitted, against the objection of defendant's counsel, to give evidence of the quantity and value of the apples raised on the premises in the summer of 1870. The plaintiff was eleven years of age when the cause was tried. She has not had a general guardian appointed. The defendant's counsel moved for a nonsuit, on the ground that plaintiff, as an infant, cannot maintain ejectment by a guardian *ad litem*, it should be in the name of the guardian in socage or person having the right and power of such guardian under the statute. The referee denied the motion, and defendant's counsel excepted. The use of the house was admitted to be worth $49 per year. The referee ordered judgment in favor of the plaintiff, that she recover possession, and for $50 damages by reason of the detention thereof, with costs of the action. From that judgment the defendant appeals.

*E. E. Harding*, for appellant, cites 1 R. S. 718, §§ 5, 6 ; id. 153, § 20 ; *Holmes* v. *Seely*, 17 Wend. 75, and cases cited ; 2 Kent's Com. 228 ; *Beecher et al.* v. *Crouse et al.*, 19 Wend. 306 ; *Moore* v. *Spellman*, 5 Denio, 225 ; 4 Kent's Com. 109.

*Samuel C. Wilson*, for respondent, cites 2 Edm. Stat. 445, § 1, etc.; Code, § 115 ; *Parks* v. *Parks*, 19 Abb. Pr. 161; Code, § 144, subd. 2, § 148 ; *Hulbert* v. *Young*, 13 How. Pr. 413 ; *Bank of Lowville* v. *Edwards*, 11 id. 216 ; *Holmes* v. *Davis*, 19 N. Y. 488; 2 R. S. 307 ; *Jackson* v. *Harder*, 4 Johns. 211.

MULLIN, P. J. By section 5, of title 1, of chapter 1, of part 2 of the Revised Statutes, it is enacted that whenever "an estate

in lands shall become vested in an infant, the guardianship of
such infant, with the rights, powers and duties of a guardian in
socage, shall belong to the father of the infant.  If there be no
father, to the mother." By section 6, of the same article, all
statutory provisions that are or shall be in force shall be deemed to
apply to such guardian.  It is said in McPherson on Infancy, 28,
that "It is the duty of a guardian in socage to take possession of
the heir's person and of the lands and tenements which he has by
descent, and to receive the rents and profits for the heir.  He has
an actual estate and interest in the land, though not to his own
use.  Such a guardian, after entry, has the legal possession of
the land to the use of the infant.  *  *  *  He may in his own
name bring trespass or ejectment, distrain for damage feasant, or
make a lease for years, and he may avow in his own name and right
for rent upon a lease." McPherson, 35 ; *Holmes* v. *Seely,* 17 Wend.
75, 78 ; *Beecher* v. *Crouse,* 19 id. 306.

In *Holmes* v. *Seely,* the action was ejectment in the name of the
guardian in socage, and he was held entitled to recover. In *Beecher*
v. *Crouse,* the plaintiffs were minors, and brought the action by
*prochein ami* for conversion, among other things, of a portion of the
crops growing on the farm which had descended to them from their
father, and which had been raised subsequent to his decease.  It was
held they could not recover, the guardian in socage, as the general
guardian, must sue for such property.  The minor who has a guar-
dian in socage has no right of action to recover the possession of his
lands, or the rents or profits thereof.  The guardian alone can sue.
The provision of section 115 of the Code has no application to the
case.  That section applies to actions in which minors may main-
tain an action in their own names.  Plaintiff's counsel insists that
if plaintiff was not the proper party to bring the action, the objec-
tion should have been taken by demurrer or answer, and not being
taken by either it is waived.  By section 144 of the Code, a defend-
ant may demur to the complaint, when it appears on the face of it
that plaintiff has not legal capacity to sue.  It does appear on the
face of this complaint that the plaintiff, a minor, brings an action
of ejectment to recover the possession of land, and the rents and
profits thereof.  It is manifest that the plaintiff could not maintain
such an action.  The mother being guardian in socage should have
sued.  If she refused, then a general guardian should have been
appointed, and the suit brought by such guardian; as the R. S. (3

R. S. 243, §§ 3, 10), authorizes the general guardian to bring all such actions as guardian in socage might bring. The case was one in which it was necessary for defendant to demur, and not having done so, the objection is waived.

The plaintiff was permitted to prove the value of the apples raised on the farm in 1870. The use of the house was conceded to be worth $49 per year. The referee gave judgment for $50 damages. The action was brought in a month after plaintiff's right accrued. The witnesses testify that there are some sixty or seventy trees in the orchard, and they yielded, in that season, three bushels per tree; they were worth two shillings per bushel. The use of the premises would be $40 per month; and if there were sixty trees in the orchard the apples would come to $45. The two amounts are within a fraction of the amount of the damages for which judgment was given. To recover mesne profits under the Code in an action of ejectment, there must be a separate count therefor in the complaint. There is no such count in this complaint, and the plaintiff was not entitled to recover. But no objection was taken on that ground, and it must be held to be waived. We must hold the plaintiff entitled to recover for mesne profits, to the same extent that her guardian would be entitled to recover, were she the party plaintiff. The plaintiff in such case may recover mesne profits on the value of the use of the land, and to this where the evidence authorizes it, may be added such damages for the unlawful entry and holding, as the jury may see fit to give. Sedg. on Dam. 133; *Dewey* v. *Osborn*, 4 Cow. 329; Adams on Eject. 391.

The measure of damages in an action for mesne profits, the court of appeals holds, is the same that it is in an action of assumpsit for use and occupation. *Holmes* v. *Davis*, 19 N. Y. 488. The referee was wrong in allowing plaintiff any thing for the apples. That he did make such allowance is demonstrated by the reception of the evidence, of their value, against the defendant's objection, and by the data above given as to the quantity and value.

The defendant as tenant for life was not entitled to the apples — they belonged to the heir, and the guardian alone could recover for them. The defendant was not entitled to notice to quit. The precise point was decided in *Livingston* v. *Tanner*, 14 N. Y. 64; *Torrey* v. *Torrey*, id. 430.

The judgment must be reversed, and a new trial ordered before another referee, with costs to abide the event.