# Cases

# THIRD DEPARTMENT

# GENERAL TERM,

## September, 1875.

---

ELBERT W. COOK and WARREN G. RANSOM, Appellants,
*v.* THE WARDENS AND VESTRY OF ST. PAUL'S
CHURCH, HAVANA, N. Y., Respondent.

*Condition subsequent — breach of — action for — by whom must be brought.*

Where an action of ejectment is brought to recover the possession of land upon a breach of a condition subsequent, all the original grantors or their heirs must join therein. Such action cannot be maintained by one of the former tenants in common thereof, to recover his undivided interest therein.

Appeal from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

This was an action by two of several original grantors, to recover in ejectment the possession of two certain parcels of land, for breach of conditions subsequent. The defendant is the grantee in possession; its church edifice stands on one lot, and the other lot is a cemetery.

The trial of the cause was commenced before the court and jury. At the close of the evidence, the case was by consent withdrawn from the jury and submitted to the court, whereupon the court made a finding of facts, with conclusions of law, directing judgment for the defendant, with costs. From that judgment the plaintiffs appeal.

*J. McGuire*, for the appellants.    Ejectment is the proper remedy for conditions broken, or forfeiture of the estate.   (Tyler on Eject. and Adv. Pos., 179, 180; *Nicoll* v. *N. Y. and Erie R. R. Co.*, 12 N. Y., 121; *Plumb* v. *Tubbs*, 41 id., 442.)   No demand was necessary of the possession before suit brought.   (41 N. Y., 442, and cases cited.)    All that is necessary is for the plaintiffs to show the conditions broken and their right to the possession.   In ejectment the plaintiff or plaintiffs are entitled to recover the part of the premises which the proof shows them entitled to, notwithstanding the whole or a different part is claimed in the complaint.   (2 Barb., 156, 331; 5 id., 565; 6 id., 116.)

*M. M. Mead*, for the respondent.

JAMES, J.:

The case contains much irrelevant matter; but from the pleadings, the evidence and the findings, the facts would seem to be substantially as follows:

The plaintiffs are two of the heirs at law of Charles Cook, deceased; said Cook was, at his death, the owner of the two parcels of land in dispute; he died in 1866 intestate, seized of said lands. In 1853, he commenced the erection of a church on one of said lots, which was finished, and services were held therein, in April, 1856; a congregation became incorporated under the name of "The Rector, Wardens and Vestry of St. Paul's Church, Havana," and the said Charles Cook was elected a vestryman, and continued as such until his death.   The defendant occupied said church and premises.

From the declarations of said Charles Cook in his lifetime, the congregation of said church expected the premises in dispute would be dedicated or conveyed to said church for a place of worship and as a cemetery; but said Cook died without having made any dedication or conveyance, and the title descended to his heirs at law. In April, 1868, those heirs, owning three-fourths of said premises, conveyed the same to the defendant, for the consideration, and upon conditions following, among others: "One dollar, and that said wardens and vestry should always keep the said church edifice insured, in some good and solvent stock company, for at least the

sum of $8,000, the avails, in case of loss, to be expended for rebuilding or repairing the church, etc., and within three months thereafter cause the lands of the cemetery lot to be laid out into lots, with neatness and good taste, and the money arising from the sale of lots appropriated to fencing, improving and beautifying such grounds," etc.; declaring that "a disregard of any of said covenants should cause an absolute reversion of the property conveyed." In July, 1869, the remaining quarter interest in said lots having been conveyed, by order of court, from Mary Julia Smith, an infant, one of said heirs, to the plaintiff Cook, he, on that day, conveyed said one-fourth interest to the defendant, consideration $250, with the same conditions as contained in the former deed, except that in case of breach the reversion should be to said Mary Julia Smith. The defendant was dissatisfied with the conditions attached to said deeds, but, nevertheless, accepted and put them on record, and they are the only record title defendant has to said lots.

The court below found, as a matter of fact, that neither of the aforesaid conditions had been observed or performed, and it appeared that, when this action was commenced, the insurance on said church edifice did not exceed $4,000; that nothing whatever had been done toward laying out the cemetery into lots, or improving or beautifying the grounds.

The conditions imposed being part and parcel of the deed creating the estate, were valid; so that, under said conveyances, the defendant took a title in fee, upon condition subsequent. The failure to perform a condition subsequent does not divest an estate. In such case, the grantor or his heirs may not choose to take advantage of the omission, and no one else can; and until advantage is taken by entry, or what is now made by statute its equivalent, there is no forfeiture of the estate. It will be seen, by the pleadings and evidence, that the heirs at law of Charles Cook were at least four in number, or rather consisted of four classes. All but one class joined in the first deed to defendant; the other deed covered the remaining fourth part from that class. After said conveyances, and before breach, none of said heirs had any estate remaining in said land. Their interest was a naked possibility of reverter, which could neither be conveyed nor assigned. This condition, or possibility, was the creation and

result of contract — a contract between the defendant, on one side, and the several heirs of Charles Cook, as one person, on the other; hence the right of re-entry, or of action for condition broken, was a joint right, not a several right, although, on obtaining possession, each would be invested with his original interest.

This action is by two of said several heirs, one representing an eighth interest, and the other a fourth interest, of the whole; the latter, however, claiming to represent a half interest; but this claim is invalid, for the reason that the reversion of the one-half claimed is to another, and not to him.

The complaint avers that plaintiffs are the owners of an undivided five-eighths of the premises described therein; and yet, by their own showing, they were not owners, but reversioners; as such, they were entitled to claim but an undivided three-eighths interest, and that a joint, not a several interest. Such an interest in real estate is not a title, and could not become a title until entry or the recovery of possession; until then, the title of the defendant did not become divested. Such interest being joint, no less number than the whole could declare the forfeiture; nor could an action to recover possession for condition broken be sustained, without the consent and joinder of all. Ejectment by two of several more joint tenants, or tenants in common, for the recovery of possession of land, will not lie; an action may be brought by one, or by all; but if all do not join in one action, each must bring a separate action for his share. (*Cole* v. *Irvine*, 6 Hill, 634; 2 R. S., 341, § 11.)

So, in an action for the recovery of an undivided interest or share in real estate, the statute (2 R. S., 305, § 9), provides that the plaintiff shall state particularly in his complaint the share or interest he claims. In this case the claim stated is an undivided five-eighths; the interest shown is but an undivided three-eighths, and that in unequal quantities in the two plaintiffs. This of itself would be fatal to this action, without amendment. (*Holmes* v. *Seeley*, 17 Wend., 75; *Cole* v. *Irvine*, *supra*; *Gillet* v. *Stanley*, 1 Hill, 121.) For these reasons, I think, the plaintiffs' action should have been dismissed with costs, and not a judgment on the merits rendered against them. If affirmed, such judgment would be a bar to any further action by the plaintiffs or either of them.

Therefore, instead of affirming the judgment of the court below, the same should be reversed, without costs to plaintiffs, and the complaint dismissed, with full costs to defendant.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed, and complaint dismissed, with costs to defendant.