(9 App. Div. 55.)

## SANDIFORD v. FROST.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. APPEAL—REVIEW OF FACTS.
Findings of fact cannot be reviewed where the appeal book does not state that the case contains all the evidence.

2. CHAMPERTY—WHAT CONSTITUTES.
A contract between plaintiff and defendant for acquiring title to land and obtaining possession thereof, one party to do the work and the other to furnish money, is not champertous, where the parties did not know that the grantor was out of possession, and that the premises were the subject of pending action.

3. SAME—CONVEYANCE UNDER JUDICIAL DECREE.
Pen. Code, § 129, forbidding the buying and selling of pretended titles to land, does not forbid conveyances to be made under a decree of court.

4. WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.
Communications made to an attorney by one of two clients, in the presence of the other, while they were consulting him for their mutual benefit, are not privileged in a subsequent action between the clients.

Appeal from special term, Kings county.

Action by Richard Sandiford against Carman Frost to obtain an adjudication that defendant held the land described in the complaint as trustee for a partnership between plaintiff and defendant, and that plaintiff be declared to have a one-third interest in the land, and that defendant be enjoined from selling, conveying, or transferring the title without plaintiff's consent, and that defendant execute a declaration of trust as to plaintiff's one-third interest. There was a judgment in favor of plaintiff, and defendant appeals. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Calvin D. Van Name, for appellant.
W. P. Prentice, for respondent.

WILLARD BARTLETT, J. There is no statement in the appeal book that the case contains all the evidence. Hence we cannot review the findings of fact. Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022. According to these findings, there was an agreement of partnership in 1887, 1888, and 1889 between the plaintiff and the defendant, for acquiring title to a large tract of land on the south shore of Long Island, known as the "Long Beach Property," and obtaining possession thereof. The defendant undertook to secure the necessary records, searches, deeds, and other documents, while the plaintiff was to furnish money for the necessary expenses of the enterprise, and the personal expenses of the defendant, and to aid the undertaking by his own services. The interests of the parties were to be one-third in the plaintiff, and two-thirds in the defendant. The agreement was embodied in a written memorandum signed by the parties, which had been lost at the time of the trial, but the substance of which was proved as already stated. The learned trial judge further found that the plaintiff had duly performed his part of the partnership agreement, having furnished more than $1,600 thereunder; that the defendant, with the active aid and co-operation of the plaintiff, obtained title to said Long Beach property, and the muniments of title; and that, there having been no settlement or accounting between the plaintiff and the defendant when the object of the partnership had been thus far secured, the plaintiff demanded a declaration of trust as to his one-third interest in the partnership property, with which demand the defendant refused to comply. It was accordingly adjudged that the defendant had obtained and held title to the property in question as trustee for a partnership between the plaintiff and the defendant, in which the plaintiff had an undivided interest of one-third. The judgment, however, directs a conveyance to the plaintiff of all the right, title, and interest acquired by the defendant in the lands therein described. This is obviously a mistake, which must be corrected so as to provide for the conveyance of a one-third interest only, if this portion of the judgment is otherwise proper.

So far as questions of law are concerned, the judgment is assailed in two respects only: (1) On the ground that the contract amounted

to champerty; and (2) on the ground that Charles De Kay Townsend, the legal adviser of the parties, was erroneously allowed to testify to the contents of the lost memorandum, against the objection and exception of the defendant.

1. We see no reason to regard the agreement as champertous. By its terms, as found by the trial court, it contemplated nothing which is forbidden by the statute against buying lands in suit. Nor does the testimony show that when the conveyance was actually taken by the defendant the grantor was out of possession, to his knowledge, and the premises were the subject of a suit in court, of which the defendant also knew. Pen. Code, § 129. The appellant insists, still further, that the trial court itself attempted to bring about champerty, by directing the defendant to convey to the plaintiff, inasmuch as there undoubtedly was a litigation concerning the land pending at the time of the trial, to the knowledge of both of the parties and the learned judge. It is well settled, however, that the statute against buying and selling pretended titles does not prevent the transfer of property by operation of law, or by conveyance made under the decree of a court of competent jurisdiction. Tuttle v. Jackson, 6 Wend. 213, 224; Truax v. Thorn, 2 Barb. 156, 159. And the same is true, we think, of the statute concerning the transfer of lands in suit.

2. The testimony of Mr. Townsend was properly received, as his knowledge of the facts stated was obtained at an interview in which both parties consulted him, as an attorney, for their mutual benefit. Under such circumstances, the communication is not privileged in a subsequent litigation between the clients. Hurlburt v. Hurlburt, 128 N. Y. 420, 28 N. E. 651; Rosseau v. Bleau, 131 N. Y. 183, 30 N. E. 52.

The judgment should be modified so as to direct the conveyance by the defendant of only one-third, instead of the whole, of his interest in the premises described in the decree, and as thus modified should be affirmed, without costs. All concur.