DECKER.
v.
LIVINGSTON.
</div>

Judgment for the plaintiff. (a)

(a) Vide *Stow* v. *Tifft*, ante, p. 458.  *Clark* v. *Munroe*, 14 *Mass. Rep.* 351.

---

## DECKER *against* R. S. LIVINGSTON and others.

THIS was an action of replevin, in which the defendants made avowry for rent arrear. The cause was tried before Mr. J. *Platt*, at the *Columbia* circuit, in *September*, 1817. The defendant held under a lease from *Robert Livingston*, dated *May* 17, 1775, to *Isaac Spoon* and wife, reserving a rent of 50 *skipples* of wheat, and two hens. In *April*, 1814, the interest in the term became vested in the plaintiff by assignment. On the death of *Robert Livingston*, *Robert C. Livingston* became possessed of the reversion, as his devisee, and on the death of *Robert C. Livingston* in 1794, it descended to *Robert S. Livingston*, *James D. Livingston*, *Thomas F. Livingston*, *John S. Livingston*, and *Catharine Livingston*, his heirs at law. *Catharine Livingston*, afterwards, and before the distress on which this action is founded was made, married *John C. Stevens*. *Robert S. Livingston*, *James D. Livingston*, *Thomas F. Livingston*, *John S. Livingston*, and *John C. Stevens*, are the defendants in this suit, and they united in making the distress, but *Catharine* was not joined. The defendants distrained upon the plaintiff, on the 16th of *October*, 1815, for 173 dollars, for rent due on the 1st of *January* preceding.

In an action for rent, or any other cause, accruing before marriage, in regard to the real estate of the wife, she must be joined with her husband; but for rent of her land arising after marriage, she need not be joined. When the husband distrains and avows for rent arising from the land of his wife, without joining her in the proceedings, he must show affirmatively that the rent accrued after the marriage, for this cannot be intended; and if that fact be not shown the objection may be taken at the trial.

In an action of trespass brought by tenants in common in relation to their land, or in debt for rent arising out of land, or in any other action merely personal, they must all join as plaintiffs, and a release of the action by one of them is a bar to the others.

But in a distress and avowry for rent, which savour of the realty, tenants in common ought not to join; and ,therefore, if one releases the rent, it is not a discharge as to the others.

One tenant in common may, however before distress and avowry, receive the whole rent, and discharge the lessee, for, until distress and avowry, the rent is only in the personalty,

A receipt for rent arising at a subsequent period, is presumptive evidence, that all rent previously accruing had been paid.

The plaintiff produced in evidence two receipts, signed by the defendant, *John S. Livingston ;* one dated the 10th of *June,* 1815, by which he acknowledged that he had received from the plaintiff, 37 and a half bushels of wheat, for the rent of his farm, due the 1st of *January,* 1815 ; and the other dated the 8th of *April,* 1816, for 37 and a half bushels of wheat, for the rent of his farm, due the 1st of *January,* 1816.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court, on a case containing the facts above stated.

*Van Buren,* (Attorney General,) for the plaintiff. 1. The proceedings were irregular. The distress was for rent due many years before, and before the marriage of *Catharine Livingston* with *Stevens.* She ought, therefore, to have been joined. Avowry is in the nature of an action, and all parties having an interest must be joined. (*Pullen* v. *Palmer, Carth.* 328. *Page* v. *Stedman, Carth.* 364.) In an avowry for rent upon a lease for life, or years, before coverture, the husband and wife must join. (2 *Com. Dig.* 105. *Baron* and *Feme,* (V).) It cannot be pleaded in abatement. (*Harrison* v. *M'Intosh,* 1 *Johns. Rep.* 380.)

2. The receipts offered in evidence, of the rent for the last two years, are *prima facie* evidence that the rent for all the former years had been paid ; and not being explained or rebutted by any evidence on the part of the defendants, are sufficient to entitle the plaintiff to judgment. (1 *Sid.* 44. *Co. Litt.* 373 *a.* 3 *Co.* 65 *b.* 1 *Esp. Dig.* 71. (Debt.)

*Vanderpool,* contra. 1. There is no irregularity. It was not necessary for Mrs. *S.* to be joined in the avowry. The cases cited are those of joint tenants or coparceners, and do not apply to tenants in common. It does not appear that the rent for which the distress was made, was due before the marriage of *Catharine L.* with the defendant *S.* It is laid down by *Chitty,* (*On Pleadings,* 19, 20.) that for rent or other cause of action, accruing during the marriage, on a lease, or demise, or other contract, relating to the land or other real property of the wife, whether such contract was made before or during coverture, the husband and wife may join, or he may sue alone. (*Str.* 230. 1 *Wils.*

224. 2 *Lev.* 107. *Reeves' Domes. Relat.* 30, 31.) The 19th section of the *act concerning Distresses, Rents, &c.* (1 *N. R. L.* 439. sess. 36. ch. 63.) is express, that husbands having estates in right of their wives, may sue for the rents by action of debt, or distrain and make avowry, &c. The distinction between joint tenants and tenants in common is laid down in *Pullen* v. *Palmer*, (3 *Salk.* 207.) which was an action of replevin ; and the court held, that the husband may distrain for rent due to his wife, and avow for it alone, because the right to the rent due is in him alone. So, in *Bowles* v. *Poore*, (*Cro. James*, 282, 283.) it was objected that the avowry was bad, because it appeared that the rent in arrear was not due to the husband, but only to the wife *dum sola fuit*, but the objection was overruled. *Tenants in common* must sever in their avowries, for their interest is separate and distinct. (1 *Chitty Pl.* 544. 2 *Chitty*, 514. 5 *Comyn's Dig. Rent.* (B.) 424. *Co. Litt.* 198. 285. 3 *Bac. Abr.* 671.(A) *Id.* 690. (H 2.) *Harrison* v. *Barney*, 5 *Term Rep.* 247.)

2. The receipts of *John S. L.* can be no bar to the rents due from the tenant in 1814. The cases cited do not bear out the doctrine contended for by the plaintiff, and laid down in some treatises and elementary books. The cases speak of *releases* or *acquittances under seal*, which may be pleaded in discharge. Again ; the receipt of *J. S. L.* alone, is no bar to the rights of the other tenants in common; the tenant was not authorized to pay their proportions of the rent to him. (*Harrison* v. *Barney*, 5 *Term Rep.* 247. 249.)

SPENCER, J. delivered the opinion of the court. Two questions have been made on the argument : 1. Whether the wife of *John C. Stevens* ought to have been a party to the suit; and, 2d, whether the receipts of one of the tenants in common for the rent of 1815, and 1816, are available as *prima facie* evidence of the payment of the rent of the antecedent years.

The rent for which the distress was made, accrued prior to *October*, 1815, but the case does not disclose for what years it grew due. Mrs. *Stevens*, who is one of the tenants in common, is not joined in making the distress, or

NEW-YORK, avowry, with her husband; and it does not appear whether
October, 1818. the rent claimed accrued before or after their marriage.

DECKER       We consider the law well settled, that for rent, or any
v.         other cause of action accruing before marriage, in re-
LIVINGSTON. gard to the real estate of the wife, she must be joined with
her husband in a suit for such cause of action, but that for
rent of her land arising after the marriage, she need not be
joined. (1 *Chitty Pl.* 17, 20. and the authorities there
cited.) As it does not appear affirmatively, that the rent
in question accrued after the intermarriage between *Ste-
vens* and his wife, we cannot intend the fact to be so;
her husband's right to sue alone, resting on the fact, that
the rent accrued after the marriage, his title is defective, if
the fact is not shown; and this objection may be made on
the trial. (1 *Chitty*, 7.)

We held, in *Austin* and others v. *Hall*, (13 *Johns. Rep.*
286.) that a release by one tenant in common of a trespass
on the lands of another tenant in common, was a bar to
the action brought by them, on the principle, that the ac-
tion was strictly personal, and that the plaintiffs were bound
to join in it; and there can be no doubt that when there is
such a unity of interest as to require a joinder of all the
parties interested in a matter of a personal nature, the re-
lease of one is as effectual as the release of all.

If two tenants in common, make a lease of their tene-
ment, for a term of years, rendering rent, if the rent be be-
hind, they shall have an action of debt against the lessee,
and not divers actions, for the action is in the personalty.
(*Co. Lit.* sec. 316. 198. b.) But in an avowry for the
rent, they ought not to be joined, for this is in the realty;
(*Co. Lit.* s. 3. 1. 7.) and this distinction between debt for
rent and an avowry, appears to have been uniformly re-
cognized. (1 *Chitty*, 544.) The reason is, that the avow-
ry savours of the realty; but until the distress and avowry,
the rent is in the personalty, and then it can be released by
one of the tenants in common. It is the distress on the land
which makes the rent partake of the realty. The case of
*Harrison* v. *Barney*, (5 *Term Rep.* 249.) on which very great
stress was laid, simply determines that a tenant, holding un-
der two tenants in common, cannot pay the whole rent to

one of them, after notice from the other not to pay it. If he do, the other tenant in common may distrain for his share. Lord *Kenyon* puts his decision on the justice of the case, and that the payment was against conscience.

Whether the receipts for 1815 and 1816, are presumptive evidence of payment of the rent of the preceding years, depends on the right of one tenant in common to receive the whole-rent. If he had such a right, then the presumption exists ; and it arises from the improbability that the former rent remained unpaid, when rent is specifically received for a subsequent period ; and this presumption obtains as well where several persons are entitled to receive money, as in an individual case, for they are all to be presumed conusant of their rights. This presumption may be repelled, but standing uncontradicted, as it does here, it is decisive.

Judgment for the plaintiff.