COMBS, plaintiff in error, *and* JACKSON, defendant in error.

There can be no guardianship in socage of lands granted by this state since the 4th of July, 1776, the act concerning tenures declaring that all lands held under the authority of the state, shall be and remain *allodial*, and not *feudal*.

At the common law, where there was no guardian in socage, the father was guardian *by nature* to his heir apparent, until he arrived to the age of 21 ; this guardianship gave a control of the *person* only, and not of the estate, real or personal, of the infant.

Under our statute of descents, all the children are heirs apparent of the father, and he is entitled, as guardian by nature, to the guardianship of their persons until they attain the age of 21, or marry, except where lands, granted before the revolution, descend to the children from their maternal relations, in which case, as the lands cannot go to him, if they be socage lands he will be guardian in socage, and may take the rents and profits thereof for the use of his children until they attain the age of- 14, and until another guardian be appointed.

A guardian *by nature* has no control over the real or personal estate of his infant children.

ERROR from the supreme court.    This was an action of trespass for the *mesne profits* of a lot in the town of Ovid in the county of Seneca.    From the special verdict found by the jury, it appears there was a recovery by default in an action of ejectment in the name of James Jackson, on the demise of Peter Smith, against the casual ejector, and that Peter Combs was the tenant in possession.    The demise was laid on the 20th March, 1819, and the lessor obtained possession in August, 1824, by the surrender to him of the premises.    Smith, the lessor of the plaintiff, was an *infant*.    He attained the age of 21 on the 1st March, 1824.    The jury found the value of the rents and profits from the date of the demise up to the 1st March, 1824, to be $200, and from thence until the surrender of the possession, $30 ; and that the rents and profits during the minority of Peter Smith, had been received by his *father*, claiming to act as his *guardian by nature*.    The verdict concludes by stating, that if the court shall be of opinion that the plaintiff is entitled to recover notwithstanding the payment to the guardian, that the jury assess the damages at $230, otherwise at $30 only.    Upon

this verdict, a judgment was entered for the larger sum found by the jury, and to reverse that judgment, a writ of error was prosecuted to this court. The opinion of the supreme court, deciding that the father had no authority to receive the rents from the tenant, will be found in 7 *Cowen*, 38.

*S. A. Foot*, for the plaintiff in error. The error complained of, has happened in not adverting to the distinction which exists between the rights and duties of a guardian *by nature* and a gurdian *in socage*. The father of the lessor of the plaintiff stood in both those relations to his son : As guardian by nature, he had charge of the *person* of the infant ; as guardian in socage, he was entitled to receive the rents and profits of his estate. – The guardianship in socage ceases when the child arrives at the age of 14 years, he being then entitled to elect his own guardian, and oust the guardian in socage, and call him to account for the rents and profits of the estate ; but if the infant does not at that age elect a guardian, the guardianship in socage continues. (*Andrews' R.* 313. 5 *Johns. R.* 67. 2 *Kent's Comm.* 182, 183. 1 *Leon.* 322. 1 *Black. Comm.* 461.)

The tenure by which lands are holden in this state is *free* and *common socage*. By the common law, the father of the lessor would of course have been guardian in socage, because he would have been next of blood, and could not have inherited the estate ; and although by our statute of descent, in a certain event, the estate of a son may go to his father, and in that respect the reason of the rule of the common law, prohibiting him who stands next in inheritance from being guardian, in part fails, it is conceived that at this day the placing of the person and estate of an infant under the care of his father, will not be considered the committing of a lamb to the wolf to be devoured ; for to whom more properly than to a father could this guardianship be entrusted ? Ld. *Macclesfield*, it is said, very much disapproved of the rule of law which gives the guardianship in socage to the next of kin, to whom the land *cannot* descend. He would not allow the exclusion of the heir to the land to be founded on reason, but deemed it the offspring of barbarous times, and the effect of a cruel

presumption. (*Co. Litt. lib.* 2, *c.* 5, *s.* 123, *n.* 63. See also
2 *Kent's Comm.* 183.) Formerly, in the English chancery,
a lunatic was not committed to the care of his nearest heir,
but the old rule upon that subject has long since been over-
ruled as unreasonable.

*A. Gibbs,* for the defendant in error. The father of the
lessor being made capable by our law of taking the estate of
his son, cannot, according to the principles of the common
law, be guardian in socage, which is a trust never conferred
upon him who stands next in inheritance. [STEBBINS, Sen-
ator. Are not all lands granted by this state since the rev-
olution, held in *allodium?* *Foot,* counsel for the plaintiff.
The court will not presume that the lands in question are
thus held, the fact not appearing in the case. CHANCELLOR,
Are we not bound to take judicial notice of it, knowing that
those lands were granted by the state ?] There is no guar-
dianship in socage, except where the lands come to the in-
fant by *descent,* and there is no proof here that the estate was
thus acquired. A father cannot receive a legacy bequeath-
ed to his child. (1 *Johns. Ch. R.* 3.) Why should he be
permitted to receive the rents and profits of his estate ? The
case of *Sherman* v. *Ballou,* (8 *Cowen,* 304,) is directly in
point to shew that payment to a parent acting as the guar-
dian of an infant, is no bar to a suit for the rents and profits,
and 2 *Mass. Rep.* 55, and 1 *Nott & M'Cord's R.* 369, shew
that a lease by a father of his son's estate is void.

*Foot,* in reply. It is questionable whether guardianship
*by nature,* as known and recognized by the rules of the com-
mon law, can exist amongst us : strictly speaking, it applies
only where lands are held by knight-service. (*Comyn Dig.
tit. Guardian, C.*) It is said that guardianship in socage ap-
plies only to lands held in socage ; and it is asked, what is
the effect if lands are held in allodium ? Nine tenths of all
the lands in this state are held by the tenure of free and com-
mon socage, and the court will therefore presume that the
land in question is thus held, unless the contrary is shewn ;
but if allodial, in analogy to the law when the lands are held
in socage, the father will be considered the guardian of his

infant son, to receive the rents and profits of his estate until another is duly appointed.

THE CHANCELLOR. At the common law, if lands held in socage came to an infant by descent, his nearest relative, who could not by any possibility inherit the lands, was his guardian in socage until the age of fourteen, and until the infant selected a guardian for himself. Such guardian might lawfully receive the rents and profits of the land during the continuance of the guardianship. If the lands descended from the father or other paternal relatives, the mother or next of kin on the part of the mother was the guardian; and if the lands descended on the part of the mother, the father or next of kin on the paternal side was entitled to the guardianship. (*Litt. sec.* 123.)

In *Quadring* v. *Dowers*, (2 *Mod. Rep.* 176,) it was held that there could be no guardianship in socage, where the infant acquired the lands by purchase, and not by descent. In order to give the father the right to receive the rents and profits of the infant's lands in this case, the court must presume that those lands were not acquired by purchase, and that they descended to the infant on the part of the maternal relatives, and also that they are holden by socage tenure. By the act concerning tenures, (1 *R. L.* 70,) all lands granted by the people of this state since the 4th of July, 1776, are declared to be *allodial*, and not *feudal*. This suit was brought to recover the rents and profits of part of lot No. 7, in the township of Ovid, in the county of Seneca. Instead of presuming the tenure of these lands to be that of free and common socage, I think we must judicially notice the fact which appears from the public statute book, that this lot, as well as all the other lands in that county, belonged to the people of this state at the time of the declaration of independence, and were afterwards set apart by law, and granted to the troops in the line of this state, for military services during the revolution. There can be no guardianship in socage in relation to these lands.

At the common law, where there was no guardian in socage, the father was guardian by *nature* to his heir apparent

until the age of twenty-one. This was a guardianship of his person only, and gave the father no right or control over his property, real or personal. (*May* v. *Calder*, 2 *Mass. Rep.* 55. *Genet* v. *Talmadge*, 1 *Johns. Ch. Rep.* 3. *Co. Litt.* 84, *a. Dagley* v. *Tolfery*, 1 *Eq. Ca. Abr.* 300. *Strickland* v. *Hudson*, 3 *Rep. in Ch.* 165.)

This guardianship by nature was not incident to military tenures, and had no connection whatever with the lands of the infant. The guardian in chivalry was entitled to the possession and profits of the infant's lands, and the custody of his person, in respect of the tenure. But the father's right by nature to the guardianship of the person of his son and heir apparent, was paramount to the right of the guardian in chivalry ; so that if the father was living, and lands held by the tenure of knight service descended to the infant son on the part of the mother, the lord was entitled to the wardship of the lands, but the father was entitled to the guardianship of his person. (*Co. Litt.* 84, *a.*) In this state, under our statute of descents, all the children are heirs apparent of the father, and he is entitled to the guardianship of their persons until the age of twenty-one years, or marriage, as guardian by nature, except in those cases where lands granted before the revolution descend to the children on the part of the maternal relations. By the statute of descents, lands thus acquired cannot go to the father ; and in relation to socage lands of that description, he may be the guardian in socage, and may take the rents and profits thereof for the use of his children until they attain the age of fourteen, and until another guardian be appointed. (*Byrne* v. *Van Hoesen*, 5 *Johns. Rep.* 66.)

In the case before us, the father, as guardian by nature, had no control over the real or personal estate of his infant son, and the judgment of the supreme court should therefore be affirmed.

This being the *unanimous opinion* of the court, the judgment of the supreme court was thereupon *affirmed*, with costs.