SMITH (PARTRIDGE v.). See Case No. 10,-787.

## Case No. 13,088.

### SMITH et al. v. PATTON.

[3 Pa. Law J. Rep. 508; 6 Pa. Law J. 189.]

Circuit Court, E. D. Pennsylvania. 1847.

CONTEMPT—VIOLATION OF INJUNCTION—PATENT—RELEASE.

An injunction having issued restraining the defendant from constructing or using a machine, in which complainants, as joint owners, had exclusive property, and the defendant having, simultaneously with the issuing of the injunction, leased the machine to one of the complainants, and subsequently to the assignee of that complainant's interest, each of whom had since used it, it never having been in the legal possession of the defendant since he was enjoined. Held, that such act, on the part of the

said complainant, was for all the purposes of the question an equitable release, acquitting the defendant from liability arising from the continued use of the machine, and that in such case an application for an attachment would be refused.

[This was an application for attachment by Smith and Sloat against James M. Patton for an alleged violation of an injunction issued against the defendant.]

G. W. Biddle and Wm. M. Meredith, for complainants.

John H. Markland, for defendant.

KANE, District Judge. In this case, an injunction issued on the 18th of August, to restrain the defendant from constructing, using or vending a certain machine, in which the complainants, as joint owners, have exclusive property under letters patent. The machine being still in use, notwithstanding the injunction, an attachment was asked. The defendant resisted the application, and denied that the machine has been used by him since the injunction was awarded. The affidavits before the court sustained this denial of the defendant, and showed that on the 18th of August he leased the machine to one of the complainants, and subsequently to the assignee of that complainant's interest. Each of these had since used it, but it had never been in the legal possession of the defendant since he was enjoined.

At law, a tenant in common may release, even to the prejudice of his cotenant, if there be no fraud; and that, after suit brought and continuance had. And equity will not in general interfere to prevent it, but will leave the parties to their remedy against each other: Austin v. Hall, 13 Johns. 286; Decker v. Livingston, 15 Johns. 482; Eisenhart v. Slaymaker, 14 Serg. & R. 157. As between these complainants and the defendant, a release by one of the cotenants of the patent right would be pleadable in bar. There has been no formal release here; but the act now complained of is, that one of the cotenants and the defendant might meritoriously claim of him indemnity if he were made answerable for the consequence of it. It is for all the purposes of the question an equitable release, and bears a close analogy to the modification of a covenant by a joint covenantee, which has been held equivalent to a release of liabilities under so much of the covenant as was modified. 14 Johns. 192. If then the act of the defendant's assignee of the machine is to be imputed to the defendant as an infraction of the complainants' rights, the same act being that of a complainant, must be regarded as acquitting the defendant from liability in consequence. The defendant therefore cannot be regarded as in contempt, and the application for an attachment against him must be refused.