Foersch *v.* Blackwell.

By a written contract between the plaintiffs and the defendant, the former agreed to excavate a portion of ship canal, for which the latter agreed to pay ten cents per cubic yard. After the plaintiffs had performed a part of the work, the defendant refused to permit them to proceed any further. In an action by the plaintiffs to recover, by way of damages, the profits they could have made by performing, it was proved by the defendant that after the breach of the contract he settled with the plaintiffs for the work done under the contract, and paid to one of them $42,20, and took a receipt on the back of the contract, for that amount, " in full satisfaction for the work

done under the contract," which was thereby " canceled." *Held* that the case did not amount to an *accord and satisfaction;* and that the receipt did not bar the plaintiffs' right of action.

APPEAL from the recorder's court of the city of Buffalo. The action was tried by a referee, who reported in favor of the plaintiffs. A motion was made in the recorder's court to set the report aside, which was denied. The case is sufficiently stated in the opinion.

*G. W. Clinton,* for the appellant.

*H. S. Love,* for the respondents.

*By the Court,* MARVIN, J. The action was upon a written contract, dated November 3, 1849, by which the plaintiffs agreed to excavate a portion of ship canal on the southerly side of Buffalo creek. The defendant agreed to pay ten cents per cubic yard, &c. The agreement was signed by each of the plaintiffs and by the defendant. After the plaintiffs had performed a part of the work, the defendant, in December, refused to permit them to go on with the work under the contract, &c. The plaintiffs gave evidence touching the damages, pointing to the profits they could have made by performing the agreement. The defendant then proved that, after the breach of the contract, he paid to one of the plaintiffs $42,20, and took a receipt on the back of the contract thus : " Received, Buffalo, December 28, 1849, from E. R. Blackwell & Co. $42,20, in full satisfaction for the work done under this contract, which is hereby canceled." Signed H. & E. Foersch. The signature was in the handwriting of E. Foersch. The defendant also proved that E. Foersch had been previously authorized by H. Foersch to receive money under the contract, and to give a receipt therefor. The defendant also proved that he had paid the plaintiffs for the work done, in all, $243,70. That at the time the receipt was given, the parties estimated the amount of the work done, and the defendant paid for all the work done at the prices named in the agreement, deducting 15 per cent for the work not completed to the depth of ten feet. There

was a provision in the contract that the canal should be excavated to the depth of ten feet, and also that the defendant should pay monthly for the work done, reserving 15 per cent for any part not completed to the depth of ten feet, until such part should be so completed. The referee reported in favor of the plaintiffs $242,05. The defendant excepted to his decision.

I think the finding of the referee cannot be disturbed. An attempt was made by the defendant's counsel, upon the argument, to bring the case within the doctrine of accord and satisfaction. An accord is a satisfaction agreed upon between the party injuring and the party injured, and which, when performed, is a bar to an action upon that account. (3 *Bl. Com.* 15.) Like other contracts it must be founded upon a good consideration. If one wrongfully dispossess another of his chattels or land and then restore them, upon a promise by the owner not to sue him for the injury, the promise will not be binding. It is without consideration. (*Bouv. Law Dict. Accord. Bac. Abr. Accord, A.*) The payment of a less sum, after the debt is due, in satisfaction of the debt, is not good by way of accord and satisfaction. Such payment does not satisfy the debt. The balance may be recovered in an action. The contract, to accept a part performance as a full performance, does not rest upon a good consideration. The debtor was already bound to do all and more, than he was to do and did do under the new contract. If there is a bona fide dispute between the parties, as to their rights, and they agree upon a sum to be paid, and the sum is paid, this will bind the parties; not however upon the principle of accord and satisfaction, but upon the principle that the parties have ascertained their rights and effected a settlement upon the basis of such rights. (*Palmerton* v. *Huxford,* 4 *Denio,* 166.)

In the present case it does not appear that the parties had any dispute or controversy as to the amount the plaintiffs were entitled to " for the work done under the contract." The contract is clear. They were to be paid monthy ten cents per cubic yard, reserving 15 per cent for any part not completed to the depth of ten feet. The parties settled for the work done, upon the basis provided by the contract. There was no dispute. There is

no intimation that the plaintiffs were in fault in any respect. The defendant chose to violate the contract and exclude the plaintiffs from the work, and prevent their performing a valuable contract; and the action is to recover, by way of damages, the profits they could have made by performing the contract. The payment of the $42,20 was, as specified in the receipt, "in full satisfaction for the work done under the contract." I can see no facts which bring this case within the principle applicable to the settlement of *disputed demands ;* and the case was not, upon the argument, put upon this ground, but upon the ground of accord and satisfaction. The defendant paid no more than by law he was bound to pay under the contract, for the work then done. He paid nothing for the damages sustained by the plaintiffs in consequence of the breach of the agreement. No attempt was made to ascertain or liquidate those damages. Nothing was said about them. The receipt, however, declares that the contract "is hereby canceled." Where is the consideration for the cancelation of the contract? It was then broken, and the plaintiffs had a cause of action for damages for the breach. An accord might have been predicated upon this cause of action, and a performance of the accord would have been satisfaction.

The cause of action could have been released, and that too by one of the plaintiffs. (*Chit. on Cont.* 779.) In *Piersons* v. *Hooker,* (3 *John.* 70,) the court say, "It is a general principle of law, that when two have a joint personal interest the release of one bars the action." (*Bulkley* v. *Dayton,* 14 *John.* 388. *Decker* v. *Livingston,* 15 *Id.* 482.) But here was no *release.* The receipt, even, is not sealed.

Much was said upon the argument touching the power of one joint creditor or contractor, not partners, to release a cause of action, or to cancel an agreement in which both are interested. In the view I have taken of the case it is not necessary to consider this question. It is however well settled, that one joint creditor may receive payment of the whole demand. When tenants in common are entitled to rent, payment may be made to one of them, and his acquittance will discharge. (*Decker* v. *Livingston,* 15 *John.* 482.) And so for trespass upon their posses-

sion, one tenant in common may release the cause of action. (*Austin* v. *Hall,* 13 *John.* 286.) One of the joint creditors may also release the debtor or cause of action by a release under seal; and this will constitute a good bar, in the absence of fraud.

I put the case upon the same ground as though both parties had been present and executed the receipt. The cause of action was not barred by what occurred on that occasion.

The judgment should be affirmed.

[Niagara General Term, February 7, 1853. *Marvin, Taggart* and *Mullett,* Justices.]