17 149
3ap600

ELIZABETH L. PORTER, and PETER A. PORTER by H. J. STOW his next friend, *vs.* BLEILER.

An infant can maintain an action for use and occupation, although he has a general guardian.

H. entered into premises under a lease from P.; invalid because executed by an agent of the lessor who had no written authority. P. died, after devising the demised premises to the plaintiffs, who were also his heirs at law. Subsequently the defendant purchased the interest of H. in the lease, and went into possession of the premises, and paid the rent to the plaintiff's agent, according to the terms of the lease, except $100, which sum he had promised to pay. *Held,* that the plaintiffs might recover that sum in an action for use and occupation.

Tenants in common may join in an action for use and occupation, although there has been no express contract betwe'n the parties for the letting of the premises. A demise may be implied from the occupation and the payment of rent.

APPEAL from a judgment of the recorder's court of the city of Buffalo. The action was commenced in June, 1847, and was for use and occupation, &c. It appeared upon the trial, that in April, 1843, a lease was made to one Hays, by James J. Baldwin, as agent of Peter B. Porter, of a store, &c. in Buffalo. Baldwin had no authority *in writing* from Porter to make the lease. The demise was for five years, upon certain rents reserved. Hays entered into possession, and afterwards, in 1843, Peter B. Porter died, having, by his last will, devised all his real estate in Buffalo, including the premises in question, to the plaintiffs, to be held and owned by them as tenants in common. In January, 1846, the defendant purchased, with the assent of Baldwin, the interest of Hays in the lease, and went into possession of the premises and occupied them until May 1, 1847, and paid to Baldwin all the rent, according to the terms of the lease, except $100, which, with the interest on it, was the sum claimed in this suit. The defendant had promised to pay this sum to Baldwin. Baldwin was the agent of the plaintiff, Elizabeth L. Porter, to take charge of her real estate in Buffalo, and to collect the rents for her. The authority was not in

writing. He was also authorized by the guardian of Peter A. Porter, but not in writing, to act as the agent of Peter, to lease his real estate in Buffalo, and to collect the rents. Evidence was given, under objection and exception, showing that the plaintiffs were the only children of Peter B. Porter, deceased. The defendant moved for a nonsuit, which was denied, and the defendant excepted. The court directed a verdict for the plaintiffs; and the defendant excepted.

*George W. Houghton,* for the appellant, made the following points : I. Peter A. Porter being an infant and having a guardian, his guardian is the proper party in an action to recover the rents and profits of the real estate of the infant. (1 *R. S.* 718, §§ 3, 4, 5, 6, 7. 2 *R. S.* 150, *&c.* §§ 1 *to* 9, *and* 19, 20. 2 *Kent,* 228. 5 *John.* 66. 7 *Wend.* 45. 2 *Id.* 153. *Adams on Ejectm.* 66. 1 *Bl. Com.* 451, *note. McPherson on Infants,* 28, 30, 35. 1 *John. Ch. R.* 3, 561. 7 *Id.* 154. 17 *Wend.* 75. *Bac. Ab. Lease.*)

II. The plaintiffs being tenants in common, cannot sustain a joint action for use and occupation, unless there be a joint letting of the premises. (*Broom on Parties to Actions,* 27, §§ 23, 33, 34. *Williams' Law of Real Property,* 104. *Addison on Contracts,* 272, 691. 1 *Ch. Plead.* 13. 5 *Barn. & Ald.* 850. 5 *Mees. & Welsb.* 254. *Bing. N. C.* 713. 6 *John.* 59. *Crabb's Law of Real Prop.* § 2318. 5 *Bac. Ab.* 239. 7 *T. R.* 279. 7 *Wend.* 449. 25 *Id.* 456. 3 *Denio,* 135.)

III. No joint letting of the premises was proved. (1.) The lease was void, and Hays, upon entry, had only an estate at will, or for a year at most, and the death of the original landlord terminated the estate, and any subsequent occupation must have been upon another agreement. (2 *R. S.* 134, § 6. 17 *Mass. R.* 284. 1 *Cruise's Dig.* 244. 3 *Watts,* 155. 15 *Wend.* 400. 19 *Id.* 391. 23 *Id.* 618. 11 *Id.* 616. (2.) No express agreement being proved, the law implies such an one only as is sustained by the consideration on which it is founded. (*Broom on Parties,* § 16. 1 *Ch. Plead.* 10, 11. 6 *Wend.* 263.) (3.) The titles and interests of the plaintiffs being several, and

Porter *v.* Bleiler

not joint, the law can only imply a promise to pay each, according to the title of each.

*Packer & Baldwin,* for the plaintiffs.

*By the Court,* MARVIN, J. The counsel for the defendant insists that the guardian of Porter, the infant, was the proper party in the action to recover the rents and profits of the real estate of the infant. At common law, upon the death of the tenant in socage, his heir being within the age of 14, the next of kin to whom the inheritance could not descend, became the guardian of the body and the lands of the heir, until he arrived at the age of 14. He is called guardian in *socage* and also guardian by *the common law.* (*Bac. Abr. title Guardian, A.* 1 *Bl. Com.* 361. 2 *Kent's Com.* 221, 2.) This guardianship could only arise when the infant had lands by descent. (*Macpherson on Infants,* 19.) In this state, all lands granted by the people since July 4, 1776, are declared to be *allodial* and not *feudal.* (1 *R. S.* 70. *Combs* v. *Jackson,* 2 *Wend.* 156.) Some of the incidents of tenures in socage have, however, been modified and preserved. If lands *become vested* in an infant, the revised statutes declare to whom the guardianship of such infant, *with the rights, powers and duties of a guardian in socage,* shall belong. (1 *R. S.* 718, § 5.) Here it is seen that such guardian is to possess all the rights, powers and duties of a guardian in socage. The rights of such a guardian are superseded when a testamentary or other guardian is appointed. (*Id.* 719, § 7.) A father may appoint by deed or last will a guardian of his infant child. Such guardian may take the custody and tuition of the minor, and the custody and management of his personal estate and the profits of his real estate, "and may bring such actions in relation thereto as a guardian in socage might by law." (2 *R. S.* 150, §§ 1, 2, 3.) If the father has not appointed a guardian, then the surrogate may appoint, and such guardian *shall have the same powers as a testamentary guardian.* (2 *R. S.* 151, § 10.) The question may be raised whether the testamentary guardian possesses all

the *rights, powers and duties of a guardian in socage.*  The language of the statute is that he shall take the custody and management of the personal estate of the minor, and the profits of his real estate, and may *bring such actions* in relation thereto as a guardian in socage might by law.  (2 *R. S.* 150, § 3.)  This section was taken originally from the statute of 12 Ch. 2, ch. 24.  The language is the same in substance, and under that act it has been held that a testamentary guardian is the *same in office and interest as a guardian in socage,* differing only in a few particulars, as that the guardianship may be holden till the heir attains the age of twenty-one, and by a person other than the next of kin, who could not inherit.  (*Bac. Abr. tit. Guardian, A.  Macpherson on Infants,* 90, 91.)

It seems, therefore, that all the rights, powers and duties of a guardian in socage belong to a testamentary guardian, and a guardian appointed by the surrogate has the same powers.  (*See* 1 *R. S.* 718, §§ 5 *and* 7; 2 *R. S.* 150, § 3; 151, § 10; *Id.* 153, § 20.  2 *Kent's Com.* 228.)  At common law a guardian in socage can make a valid lease in his own name until the ward attains the age of 14.  He can maintain ejectment.  He may enter and occupy the lands of his ward to the use of the ward, being accountable to him for the rents and profits.  He may defend his possession, and may maintain trespass, in his own name.  He may avow in his own name.  (*Macpherson on Infants,* 35, 28.  1 *Bl. Com.* 461 *and note.*  2 *Kent's Com.* 228.  10 *East,* 491.  *Bac. Ab. Lease, I.* 9.  *Byrne* v. *Van Hoesen,* 5 *John.* 66.  *Johnson* v. *De Walts,* 7 *Id.* 158.  17 *Wend.* 75.  *Jackson* v. *Combs,* 7 *Cow.* 36; *S. C.,* 2 *Wend.* 153.)  At the time this last decision was made, the father could not be guardian in socage of his child, or guardian with the *rights, powers and duties* of a guardian in socage.  The revised statutes, above referred to, have in this respect affected a change.  (*Fonda* v. *Van Horne,* 15 *Wend.* 631.  *Holmes* v. *Seely,* 17 *Wend.* 77, 8.)  In the last case cited the action was ejectment.  It was held that a guardian in socage may maintain ejectment for the land of his ward.  In that case the plaintiff had been in the *actual possession* of the premises claimed.

Porter *v.* Bleiler.

In *Pond* v. *Curtiss,* (7 *Wend.* 45,) the action was covenant, for the non-payment of rent reserved in a lease made by the plaintiff as guardian. The ward was of full age before the suit was brought, and it was objected that the action should have been brought in his name. The court overruled the objection, and held that there was no objection in principle to allowing the ward to enforce the covenant in the name of his guardian, and remarked, it is to be intended that the suit is brought for the benefit of the ward and with his approbation, until the contrary is shown. There is no intimation here that the action could not have been maintained in the name of the ward. In *Beecher* v. *Crouse,* (19 *Wend.* 306,) the action was trover, by the infant heirs to whom the farm had descended, to recover the value of crops taken from the farm. Their mother and step-father occupied the farm, the plaintiffs living with them. It was held the plaintiffs could not maintain the action; that the mother and father were presumed to be lawfully in the possession of the products of the farm, the mother as *guardian in socage,* and the step-father *jure uxoris.* The reason is here assigned why the infant heirs could not maintain the suit. But if it should be conceded that the guardian of Peter A. Porter could maintain the action to recover a moiety of the damages in this case, does it follow that the action cannot be maintained by the infant?

The infant is vested with the title of the land. The rents belong to him, and whatever the guardian does is done for his benefit. An infant has generally capacity to sue and maintain actions. We have seen that a guardian may lease the lands of his ward, and may maintain ejectment. An infant may also at common law make a lease, reserving rent. Such lease is not void, but voidable only. (3 *Burr.* 1794. 2 *T. R.* 159. *Macpherson on Infants,* 470. *Bac. Ab. Infancy, I.* 3. 2 *Kent's Com.* 234 to 239. *Arch. L. and T.* 3.) As a general rule the deeds and instruments under seal, executed by an infant, are not void but voidable only. (*Bool* v. *Mix,* 17 *Wend.* 119, 131. *Eagle Fire Co.* v. *Lent,* 6 *Paige,* 635. 2 *Kent's Com.* 236.) An infant has a right to enter, and he can bring ejectment. (*Macpherson on Infants,* 354, *and cases above.*)

Porter *v*. Bleiler.

In the present case the action is for use and occupation. · Hays, the original tenant, entered under an invalid lease. The defendant succeeded him and became the tenant of the plaintiffs, who took either by descent or as devisees. Though the lease under which Hays entered created no estate or interest in the land, the agent having no written authority to execute it, (2 *R. S.* 134, § 6,) still I see no objection to referring to it, for the purpose of regulating and ascertaining the rights of the parties during the actual existence of the tenancy, in analogy to the principle that when the tenant enters under a parol lease void by the statute as having been for more than a year, and· occupies the premises, he is liable to pay the rent specified in the contract, according to its terms, for the time he occupies. He becomes a tenant at will or sufferance, or a tenant from year to year. And the terms of the contract will regulate the rights of the parties, except as to the time the term is to continue. (*Schuyler* v. *Leggett*, 2 *Cowen,* 663.    8 *T. R.* 3.    5 *Id.* 471. *People* v. *Rickert*, 8 *Cowen,* 230.    *Edwards* v. *Clemons*, 24 *Wend.* 483.)

It cannot, I think, be doubted that Peter B. Porter, had he lived, could have enforced the payment of the rent, according to the terms specified in the lease, during the time the premises were occupied by Hays or any one entering under Hays. Porter died, having demised the premises to the plaintiffs, who were also his heirs at law. The tenant paid the rent according to the terms of the written lease. The defendant came in under the lease, and for a time paid the rent as specified in the lease, to Baldwin as agent of the plaintiff Elizabeth, the agent of the guardian of Peter the infant, and promised to pay the rent for which this action was brought. In my opinion the action is maintainable by Peter A. Porter the infant.

It is objected that as the plaintiffs were tenants in common, they cannot maintain the action unless upon a joint demise, and that in this case there was no joint demise. I am not prepared to concede either of these positions. The plaintiffs were tenants in common, and in my opinion they properly joined in this action for use and occupation. Tenants in common are deemed to

Porter *v.* Bleiler.

have several and distinct freeholds, and each is considered as solely or severally seised of his share. By the common law they must sue separately in actions that savor of the realty, and if they join in a lease it is in judgment of the law the distinct lease of each of them, as they are separately seised, and as there is not privity of estate between them. But it does not follow that they cannot maintain a joint action to recover rent, or for use and occupation. They have a joint right of possession and there are many personal actions in which they may join, and some in which they must join.

By the English authorities, upon the demise of joint tenants reserving an entire rent, they may join in an action to recover it, if the demise be not joint; or if there be a separate reservation of rent to each, then each must bring his separate action. (*Broom on Parties to Actions,* 27, § 32.) In trespass for an injury to the possession, tenants in common must join. (*Austin* v. *Hall,* 13 *John.* 286. *Brotherson* v. *Hodges,* 6 *Id.* 108. *Bradish* v. *Schenck,* 8 *Id.* 151.) In *Decker* v. *Livingston,* (15 *John.* 482,) the court say, "If two tenants make a lease of their tenement for a term of years, reserving rent, if the rent be behind, they shall have an action of debt against the lessee, and not divers actions, for the action is in the personalty. But in avowry for rent they ought not to be joined, for this is in the realty;" and *Co. Litt.* § 316, 198 *b, and* § 317, is cited. (*See also the remarks of Ch. J. Savage in Sherman* v. *Ballou,* 8 *Cowen,* 308, 9.)

In *Hill* v. *Gibbs,* (5 *Hill,* 56,) the rule is laid down generally that tenants in common must sue separately when the action is in the realty, and that they must join when in the personalty; and Justice Bronson says: "The action is not in the realty merely because it has some relation to land. Thus, debt for rent, and covenant for not repairing, upon a joint demise, are personal actions, and tenants in common must join. So, too, they must join in actions for a trespass or nuisance to the land." He adds, "The English cases say they *may,* ours that they *must* join." (*See also Cole* v. *Irvine,* 6 *Hill,* 638.)

In England, ejectment cannot be sustained by tenants in

Porter v. Bleiler.

common, upon their joint demise, but here this rule was disregarded, and ejectment upon the joint demise of tenants in common was sustained, in *Jackson* v. *Bradt*, (2 *Caines*, 169; *and see Malcom* v. *Rogers*, 5 *Cowen*, 188.) And now, by statute, tenants in common entitled to any real estate, may join in an action for the recovery thereof. (2 *R. S.* 341, § 11.) Thus the common law rule relating to the recovery of real estate by tenants in common has been changed by statute. Lands in this state descend to the children, as heirs, and they hold as tenants in common, and the statute authorizes them to unite in an action to recover the land. They are entitled to the rents, and would it not be singular while they are permitted to unite in an action to recover the land, that they should not be permitted to unite in an action to recover the rent. I think the legislature must have supposed this could be done, or they would have provided for it in the statute. Even in England, where the action was ejectment upon the joint demise of several trustees, who were appointed at different times and therefore tenants in common, the payment of the rent to a common agent of the trustees, was held sufficient to support the joint demise, and the plaintiffs recovered. (*Doe* v. *Grant*, 12 *East*, 221.) The tenants in common may bring the action for mesne profits, though the demises in ejectment were separate. (*Broom's Action at Law*, 131.)

I am satisfied that when land descends, which is occupied by a tenant, the action for rent should be brought by all the tenants in common.

There is no difficulty, in this case, in holding that there was a joint demise by the plaintiffs. There is no evidence of any express contract between them and the defendant, but a contract may be implied from the occupation, and payment of rent. The contract of letting or demising of the infant, as we have seen, is not void. But in this case there is more. The infant had a guardian who had full power to lease the land of his ward, and that guardian appointed Baldwin, who was the agent of Elizabeth, to take charge of Peter's real estate in the city, and to rent the same and to collect the rents. The authority to

Baldwin was not in writing, but this objection is not well founded, in relation to leases for a term not exceeding one year. The defendant had paid the entire rent to Baldwin, the agent, from time to time, and had promised to pay him the rent for which this action was brought. I think there was sufficient evidence of a joint demise. In *Doe* v. *Grant*, (12 *East*, 221,) above cited, the payment of the rent to the common agent of the trustees was sufficient evidence, in an action of ejectment, of a joint demise. In this case there is much more. Baldwin had authority to lease the premises; certainly for a year, and to collect the rents:

[NIAGARA GENERAL TERM, February 7, 1853. *Taggart, Bowen, Marvin* and *Mullett,* Justices.]