## COBB *v.* KIDD.

*(Circuit Court, S. D. New York.* September 7, 1881.)

**1. NEW TRIAL—MISDIRECTION—IMPLIED AGREEMENT TO PAY RENT.**

A new trial will not be granted on the ground of misdirection of the jury, where, in an action brought by tenants in common jointly, but continued by the survivor after suggesting on the record the death of the other, to recover what the use and occupation of certain premises were reasonably worth, the jury were instructed that the plaintiff was entitled to recover, if they found that the defendant remained in occupation under an implied agreement to pay rent; and that an agreement to pay rent would be implied, if the defendant occupied the premises by the lessors' permission, without any understanding that such occupation should be without compensation.

*Benedict, Taft & Benedict,* for plaintiff.

*C. Bainbridge Smith,* for defendant.

WALLACE, D. J. The plaintiff having obtained a verdict upon the trial, the defendant now moves for a new trial.

The action is for use and occupation of certain premises in the city of New York. The defendant originally entered into possession under leases executed severally by the two tenants in common, who were the owners of the premises. After the leases expired, by a parol agreement with the tenants in common the defendant was allowed to remain until August 1, 1875, at a specified rent. The evidence authorized the jury to find that, by the joint permission of the lessors, the defendant was allowed to continue in the further occupation of the premises, without paying any rent, until August 15, 1875; and after that time, until the middle of October, though the lessors desired possession of the premises and wished them vacated as soon as practicable, they acquiesced in the defendant's occupation of them for the accommodation of the defendant. After the suit was commenced one of the lessors died, and this fact was suggested in the record upon the trial, and the action continued in the name of the survivor.

The jury were instructed that the plaintiff was entitled to recover for use and occupation after August 15, 1875, if they found that the defendant remained in occupation of the premises under an implied agreement to pay rent. They were also instructed that an agreement to pay rent would be implied if the defendant occupied by the permission of the lessors and there was no understanding that such occupation should be without compensation.

It is insisted that these instructions were erroneous; that the plaintiff, as survivor, cannot recover for more than his moiety of the

damages; and that the conventional relation of landlord and tenant did not exist between the parties, and therefore there can be no recovery for use and occupation. These objections to the recovery are not well taken. It is elementary that whenever, in actions *ex contractu*, one or more of several parties having a joint legal interest dies, the action can only be maintained by the survivor. The original plaintiffs not only could but probably were required to sue jointly. 1 Chit. Pl. 12; *Decker* v. *Livingston*, 15 Johns. 479; *Hill* v. *Gibbs*, 5 Hill, 56; *Sherman* v. *Ballou*, 8 Cow. 304.

When there is a joint demise by tenants in common and an entire rent is reserved, the action is properly brought by the lessors jointly; and when there has been no express contract for the letting of the premises, tenants in common may join in an action for use and occupation. *Porter* v. *Bleiler*, 17 Barb. 149.

Undoubtedly, the action for use and occupation only lies where the relation of landlord and tenant exists; but, as is stated in Taylor's Landlord and Tenant, § 655, "it is not necessary for the plaintiff to prove an express contract with the tenant when he took possession, or any particular reservation of rent, nor that the tenant has once paid rent; for an understanding to that effect will be implied in all cases where a permissive holding is established." In *Carpenter* v. *U. S.* 17 Wall. 489, Mr. Justice Strong, delivering the opinion of the court, says, (p. 493:)

"When the defendant has entered and occupied by permission of the plaintiff without any express contract, the law implies a promise on his part to make compensation or pay a reasonable rent for his occupation."

The instructions to the jury were correct, and the motion for a new trial is denied.