Smith *v.* Genet.

## City Court.

*General Term—October,* 1884.

BERTHA SMITH, PLAINTIFF AND RESPONDENT, *against*
L. F. GENET, DEFENDANT AND APPELLANT.

Where a lease for a term exceeding one year is executed for the lessor by an agent without written authority, the lease is void, and

Smith *v.* Genet.

the lessee is liable only in case he takes possession, and then only
for the time he actually occupies the premises.
Effect of subsequent ratification. The fact that the lessee abandoned
the premises may be proved under a general denial.

Appeal from judgment entered on a verdict directed
by the trial judge in favor of the plaintiff.

*I. N. Williams,* for defendant and appellant.

*A. C. Fransioli,* for plaintiff and respondent.

McAdam, Ch. J.—The action was brought to recover
the rent for the months of July and August, 1883, of
premises No. 403 West Twenty-second street, in the city
of New York. The action is on a written lease, under
seal, subscribed as follows:

L. Franklin F. Genet [l. s.]

Bertha Smith, by J. B. Smith, Agt. [l. s.]

The lease bears date March 13, 1883, and is for the
term of one year and one month, to wit: from April 1,
1882, till May 1, 18 4. The main defense is that the lease,
being for a longer period than one year, is void, because
not signed by the plaintiff, or her agent thereunto duly
authorized in writing. The statute (2 *Edm. R. S.* 139,
§ 6), provides that " no estate or interest in lands, other
than leases for a term not exceeding one year . . . . shall
hereafter be created, granted, assigned, surrendered or
declared unless by act or operation of law, or by a deed
or conveyance in writing subscribed by the party creating,
granting, assigning, surrendering or declaring the same,
or by his lawful agent thereunto authorized by writing."

This provision has been judicially considered in sev-
eral cases. In Porter *v.* Bleiler (17 *Barb.* 154), the court
held that such a lease " created no estate or interest in
the land, the agent having no written authority to execute
it." The court continued: " Still I see no objection to
referring to it for the purpose of regulating and ascertain-
ing the rights of the parties during the actual existence

of the tenancy, in analogy to the principle that when the tenant enters under a parol lease, void by the statute as having been for more than a year, and occupies the premises, he is liable to pay the rent specified in the contract, according to its terms, for the time he occupies."

In Post v. Martens (2 *Robt.* 437), the court held that a lease signed as agent for the lessor, by a person not having authority in writing so to sign, cannot create the estate purported to be created in it, and is rendered void by the statute before referred to.

In Thomas v. Nelson (69 *N. Y.* 118), it was held that a parol lease, void under the Statute of Frauds, because for a longer period than one year, is not valid for that period; that if the tenant enters and occupies under it, he may be compelled to pay for the use and occupation, but cannot be compelled by virtue of the lease to pay for a period longer than he actually occupies. Under these authorities it follows that the lease sued upon is under the statute void, that while it may regulate the amount of rent to be paid; if the tenant takes possession, he is liable only for use and occupation, and cannot be compelled to pay for a period longer than he actually occupies. This is the construction placed upon the law in Prial v. Entwistle (10 *Daly*, 398), and is controlling.

Upon the trial, the defendant offered to prove that he vacated the premises before June 1, 1883. The court refused to permit the proof, because the fact had not been pleaded in the answer by way of defense, and defendant excepted. We think this was error.

The defendant, as before remarked, was liable only on the theory of actual occupation. The lease being void, it was for the plaintiff to prove that the defendant was in possession, and the defendant certainly had the right, under his " general denial " in the answer, to negative the fact of actual occupation. In short, the defendant offered to prove that the only fact on which his liability depended did not exist. This he should have been permitted to do.

Smith *v.* Genet.

It is claimed by the plaintiff that the lease, although "void" by the statute, has been made valid by ratification. A void thing, as we understand it, is in legal effect no thing, and it may be doubtful whether a void act is capable of ratification against the wish of the other parties to the transaction.

The complaint declares on the void lease, and ratification is not alleged. The alleged ratification was executed June 9, 1884. The action was commenced in August, 1883, so that the ratification instrument was executed nearly a year after the action was commenced. We think the alleged ratification is inoperative, because if the defendant had a valid defense at the time issue was joined, it cannot be taken away by the act of the plaintiff subsequently executed.

In Andrews *v.* Ætna Life Ins. Co. (92 *N. Y.* 597), the court held that a principal, upon being informed of an unauthorized act of an agent, has a right to elect whether he will adopt it or not, and, so long as the condition of the parties is unchanged, cannot be prevented from such adoption by the fact that the other party prefers to treat the contract as invalid. But, in the present case, the defendant abandoned the premises long before the alleged ratification. He thereby exercised in a legal method his right to withdraw from any obligations the law imposed upon him in respect to the invalid contract. After the condition of the defendant had become changed and his liability had been legally discharged, the plaintiff could not, by mere ratification, revive the discharged liability.

Under the circumstances, we have nothing to do but reverse the judgment and order a new trial, with costs to the appellant to abide the event.

NEHRBAS and HYATT, JJ., concur.