## City Court.

### General Term—February, 1886.

## EDMOND FOUGERA, Plaintiff and Respondent, against ISIDOR COHN et al., Defendants and Appellants.

An undisclosed principal may sue in his own name upon a parol contract made in the name of the agent, providing it creates obligations and gives remedies which are mutual; but where an agent executes a lease in his own name as landlord, for a longer term than one year, in a manner not authorized, and the act in consequence does not bind his principal, the latter cannot in turn enforce any liability upon it against the tenant.

Leases for a longer period than one year must be subscribed by the landlord or his agent thereunto duly authorized by writing.

A seal is not necessary on a lease for a term of one year or more.

*Simpson & Werner*, for appellants.

*Coudert Bros.*, for respondents.

McAdam, Ch. J.—The lease on which the recovery was had was executed between "Leonard Moody, agent for E. Fougera, as landlord," and the defendants as tenants. It was signed "Leonard Moody, ag.," and by the defendants. Not being under seal, the lease is regarded as an ordinary parol contract; and if binding in law, the principal, may if he so elects, maintain an action upon it (Nicoll v. Burke,

78 *N. Y.* 581; Schaeffer *v.* Henkel, 7 *Abb. N. C.* 1), or the lessees might in turn prosecute him upon the contract, even though not named in it. For this reason, parol evidence is competent to show that a defendant, though not named in the instrument and not previously disclosed, was the principal of the nominal party, and this although the other contracting party supposed that the latter was acting for himself. This rule applies as well to contracts (other than negotiable instruments) which are required to be in writing as to those to which a writing is not necessary (Briggs *v.* Partridge, 64 *N. Y.* 357).

The doctrine thus asserted has this title to commendation and support—that it not only furnishes a sound rule for the exposition of contracts, but that it proceeds upon a principle of reciprocity and gives to the other contracting parties the same rights and remedies which they possess against him (*Story on Agency*, § 160 *a*). This leads to the inquiry whether the lease executed by the agent in this case was authorized in such a manner as to give the tenant a cause of action against the plaintiff, as principal, in case of the breach of the covenants entered into by the agent, as landlord (see authorities collated in note to *Story on Agency*, 9 ed. p. 192); for, if the act of the agent did not furnish the tenant a remedy against the plaintiff in such a contingency, there is such a want of mutuality of obligation between the parties to the record as to leave the contract without force or validity in favor of either against the other. In short, there can be no valid contract without two or more contracting parties between whom there are reciprocal obligations of some kind or character.

There is no evidence that the defendants ever entered into possession under the lease, or ever occupied the leasehold premises. This circumstance is material, only so far, that possession and occupation, even under a void lease, may make the lessee liable for the time of occupancy, the lease being regarded as controlling only as to the amount

Fougera v. Cohn.

of rent and mode of payment. But this element is out of the record, and we are left to determine and enforce the legal rights and obligations of the parties, created by and flowing from the execution of the lease, unaided by proof of entry or occupation thereunder.

Under the statute of frauds (29 Car. II., c. 3, §§ 1, 3), relating to the creation, assignment and surrender of leases and estates and interests in lands, it is required that agents to be appointed to effect such transactions shall be authorized by writing, although, under section 17, relating to contracts for the sale of goods, it is required that there shall be a memorandum of such contracts in writing, and signed by the party to be charged therewith or his agent lawfully authorized. The mode of authorizing the agent is left open, and it may be made in any sufficient manner (*Leake Law of Contracts*, 266). The statute of this State contains similar provisions (3 *R. S.* 6 ed. 141, § 141, subd. 6), and if the lease be for a longer period than one year, it must be in writing, " subscribed by the party creating or granting the same, or by his lawful agent thereunto authorized by writing." (See also Post *v.* Martens, 2 *Robt.* 437; Porter *v.* Bleiler, 17 *Barb.* 149 ; Smith *v.* Genet, 2 City Ct. R. 88).

The lease in question was for a term of two years and five months, and the authority to execute it was not in writing, and, under the statute and authorities cited, it is unauthorized and consequently void, and no liability in favor of either party to this record as against the other can arise from its execution. If the lease had been valid, the want of a seal would not have invalidated it (2 *Barb.* 618); but the difficulty is, that it never had legal validity as between the litigating parties. Its execution, therefore, did not furnish the plaintiff with any cause of action against the defendats.

It follows that the judgment rendered in favor of the plaintiff must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

HYATT and HALL, JJ., concur.

In Fougera v. Cohn (6 *St. R.* 733) it was held, that although the lease above referred to was void, yet, as it was proved on the trial of that case, that the defendant entered under it, the relation was implied for one year.